CARTER, et al. *versus* CREWS.

Where the record of a judgment rendered in another state, was in the following words, "for the sum of two hundred and twenty dollars debt, which may be discharged by the payment of one hundred and ten dollars," &c.—Held,

1st. That debt was a proper action for the recovery of the claim.

2d. That in an action to recover the amount due on the judgment, it was not error to declare for the conditional sum of one hundred and ten dollars.

IN this case, the plaintiff below, brought his action of debt against the defendants, in the County Court of Franklin, to recover the amount due on a judgment rendered in the State of Virginia. The entry of judgment in the Virginia Court, was, for the sum of two hundred and twenty dollars debt, to be discharged by the payment of one hundred and ten dollars, &c. The plaintiff declared for the sum of one hundred and ten dollars, and to his declaration a demurrer was filed. The County Court overruled the

demurrer, and rendered judgment for the plaintiff. A writ of error was then taken to the Circuit Court, and the judgment affirmed; whereupon, the plaintiffs in error brought the cause to this Court, and assigned as cause for its reversal, that the action should have been brought for the sum of two hundred and twenty dollars, and not for the lesser sum.

PECK, for Plaintiff.—4 *Munf.* 307—1 *Stewt.* 152.
, P. MARTIN, *contra*

By Mr. Justice THORNTON:

This was an action of debt, brought by the defendant in error, against the plaintiffs, in the County Court of Franklin—where, upon a demurrer filed to the declaration, a judgment was rendered for the said defendant; from which, the plaintiffs took a writ of error to the Circuit Court of said county—assigning for error the judgment aforesaid, which was affirmed : and now, in this Court, the judgment of the Circuit Court, in the premises, is also assigned for error.

The action was brought upon a record of a judgment rendered against the plaintiffs, in the State of Virginia, on the twentieth of June, 1827, in this form : " for the sum of two hundred and twenty dollars debt, which may be discharged by the payment of one hundred and ten dollars, with legal interest thereon from the 25th day of December, 1821, till paid." The declaration demands, as the sum due and detained, the said sum of one hundred and ten dollars, and the costs of suit, amounting to one hundred and seventeen dollars and sixty five cents. · The demurrer, it is contended, should have been sustained, for not demanding the sum of two hundred and twenty dollars, by the declaration. If it be a correct principle in pleading, that the writing sued on, whether it be

a specialty, simple contract, or record, may be declared on according to its legal effect, I see no satisfactory reason why the declaration in this case, should not be maintained.

If suit were brought upon a penal bond, by the common law, the penal sum must not only have been demanded, but that amount was recoverable. The manifest injustice, however, of this result, was obviated by the intervention of chancery, which always relieved against the penalty, and restrained the recovery to the sum in the condition, which was equitably due. This necessary resort to chancery, however, being expensive and dilatory, by statutes in England, of 8th and 9th *William III*, which I believe have been adopted, or enacted, in every state in the Union, the judgment was required to be entered at once, in the common law courts, for the conditional sum; and perhaps the most technical mode of doing this, is, that which seems to be adopted in Virginia; that is, to enter the judgment for the penalty, which may be discharged by the lesser amount; which last, alone, can be levied by execution. Is it not apparent then, that the amount actually due by the judgment, is in effect, and in truth, that lesser sum ? If the judgment were rendered, as I believe judgments are in this state, under the same statute, there could be no ground even for cavil. We have been referred to a decision in 4 *Munf.* 307, from whence it appears, that the very defect, here sought to be availed by the demurrer, was held fatal in Virginia, even though not demurred to, in the inferior Court. The only reason which is given for the decision in that case, is, that by the mode of declaring, the defendant in the action might be, in event, subjected to the recovery of a greater amount, than that mentioned in the first part of the judgment, which is to be discharged by the smaller sum named therein.

If, however, the judgment, itself, by its own terms, subjects him to this predicament, and not the mere mode of declaring on it, then if that be unjust, the original judgment should be attacked, as erroneous, and not the declaration, which seeks only to obtain its benefit, as it stands. Suppose no action were brought on this Virginia judgment, but that, after seventeen years, an execution were to issue upon it? If the ministerial officer obeyed the mandate of the execution, would he not levy more than the amount named ih the former part of the judgment? The judgment then, to be perfect in itself, according to this view, should contain a restriction, which would prevent the recovery of interest, beyond what, added to the principal, would be equal to the first named sum.

I do not think, however, that the analogy holds between a judgment of this character, and a penal bond, and the argument drawn from it, to my mind, is fallacious. Admit that a judgment upon a penal bond, can in no event, be greater than the penalty, yet, when the bond is carried into judgment, which, by the statute, is to be for the amount actually due, there is, in contemplation of law, no longer any penalty. There is but one single sum in truth, which is due. If it is illegal, that in any event, more should be realised from a judgment on a penal bond, than the penalty, the judgment itself should guard against that result : but so long as the judgment pursues the form of the one sued on, and runs for the conditional amount, with interest, until paid, more than the penalty may eventually be levied, by delaying the execution. Now, if a greater amount becomes due, and a necessity arises, to sue upon the judgment, why not allow a recovery by action, to the extent really due, according to the terms of the judgment, and which, by execution, could be levied upon it. If, however, it were

illegal to recover more on a judgment of this sort, than the amount first named in it, this matter could as well be regulated when the action is brought, for the lesser amount, as where, in an action on a penal bond, from the length of time, the interest added to the condition, exceeds the penalty.

As I would sue on a penal bond for the amount promised to be paid, and not the condition, which, by the statute, shall be the sum to be recovered, so, in suing on a judgment, I would demand, without apprehension of error, the amount actually due by it; whether the form were *a nomine pœnæ*, or a direct award of that amount, without mention made of any other. I think either mode of declaring on this judgment, would be substantially good; as either mode of entering the judgment itself, would have been equally valid. There is no misconception of the remedy here—the action is properly debt. The mode of demanding, is at most, but a formal defect, and so, not available on general demurrer, which is the only kind now tolerated by our statute.

Let the judgment be affirmed.