THE STATE, EX REL. LEGRAND B. THORN, V. JAMES H. FLEMING.

1. **Execution:** STAY: WRIT TO ISSUE AGAINST DEBTOR AND SURETIES. Where, upon a judgment rendered in a county court, in a sum exceeding two hundred dollars, exclusive of costs, a stay has been taken by filing a bond with sureties in accordance with the provisions of the statute, and such judgment is not paid within the time limited by law and the terms of such stay bond, it is the duty of the county judge, upon demand, to issue a joint execution against the property of all of the judgment debtors and sureties in such stay bond, describing them as debtors and sureties therein.

2. ——: ——: MANDAMUS. In a proper case such duty will be enforced by mandamus.

ORIGINAL application for mandamus.

*Dilworth, Smith & Dilworth,* for the relator.

*James H. Fleming, pro se.*

COBB, J.

This is an original application for a mandamus to the county judge of Adams county, commanding him to issue an execution out of the county court of said county against Spencer W. Clark, John S. Chandler, and B. F. Kellogg, for the sum set out in the relation.

The answer of the respondent is equivalent to a demurrer. It expressly admits all the facts stated in the relation, but denies the lawful power of the county court to issue the execution demanded by the relator.

The only question involved in the case is, whether, where a judgment is rendered in a county court in what is usually called a term case, in an amount exceeding the jurisdiction of a justice of the peace, a stay is taken under the provisions of the statute, and the judgment is not paid

according to the statute and the terms of the stay bond, an execution may be issued out of the county court against the sureties on such stay bond without further proceedings ?

Section 17 of chapter 20, Compiled Statutes, which chapter is entitled "Courts—Probate, County," provides as follows : "Any person against whom a judgment is rendered, on all sums exceeding two hundred dollars, may have stay of execution in like manner as upon judgments rendered in the district court, and upon the same conditions ; and upon sums of two hundred dollars and under, the same as provided for in actions before justices of the peace."

Section 477c of the code of civil procedure (which is chiefly devoted to procedure in the district courts) provides as follows :

"Sec. 477c. On all judgments for the recovery of money only, except those rendered in any court on an appeal or writ of error thereto, or against any officer or person or corporation, or the sureties of any of them, for money received in a fiduciary capacity, or for the breach of any official duty, there may be a stay of execution if the defendant therein shall, within twenty days from the rendition of judgment, procure two or more sufficient freehold sureties to enter into a bond acknowledging themselves surety for the defendant for the payment of the judgment, interest, and costs from the time of rendering judgment until paid, as follows: 1st. If the sum for which judgment was rendered, exclusive of costs, does not exceed fifty dollars, three months. 2d. If the sum for which judgment was rendered, exclusive of costs, exceeds fifty dollars and does not exceed one hundred dollars, six months. 3d. If the sum for which judgment was rendered, exclusive of costs, exceeds one hundred dollars, nine months."

Section 477i provides that "At the expiration of the stay the clerk shall issue a joint execution against the property of all the judgment debtors and sureties, describing them as debtors or sureties therein."

Construing the above provisions of law together, it seems to me that there can be no doubt that it was the intention of the legislature in framing them to place the rights of parties in the several cases provided for upon the same basis, regardless of the court in which they are being administered. No other meaning can be given to the words of the seventeenth section of chapter twenty, "and upon the same conditions." It is certainly one of the conditions upon which a party obtains a stay of execution upon a judgment rendered in the district court, that upon his failure to pay the same within the time limited, an execution will issue against his sureties as well as against himself.

So, as the statute gives the party against whom a judgment is rendered exceeding two hundred dollars, in the county court, the right to a stay of execution, "in like manner as upon judgments rendered in the district court, and upon the same conditions," it necessarily follows that in such case, upon a like default, execution may issue against both principal and sureties.

The framers of the statute, no doubt, had also in view the consideration that to authorize the issuing of executions against the sureties on the stay bond, as well as against the principal, without further proceedings, would tend to save costs and prevent a circuity of actions.

The writ will issue as prayed.

WRIT AWARDED.

THE other judges concur.