# W. H. Jenkins, Admr. of H. J. Portser, Deceased, Plff. in Err., *v.* Joseph Anderson, for Use of James R. Daugherty.

Where a payment was receipted on articles of agreement subsequent to the entry of several judgments for a balance due on the articles, the payment, as an acknowledment of an indebtedness then existing, was applicable to the entire debt, and can be set up on a scire facias to revive the judgments, as such an acknowledgment of the debt within twenty years as would entitle the case to go to the jury.

On a scire facias to revive a judgment, a counterclaim of the defendant is a proper subject for the consideration of the jury in determining whether the judgment was paid, but it cannot be made available to the defendant as a ground for the recovery of the balance in his favor.

(Argued October 17, 1887. Decided October 31, 1887.)

October Term, 1887, No. 11, W. D. before GORDON, Ch. J., PAXSON, GREEN, and WILLIAMS, JJ. Error to the Common Pleas of Indiana County to review a judgment in favor of the plaintiff on a scire facias to revive a judgment. Affirmed.

The facts are stated in the charge of the court below, BLAIR, P. J., as follows:

This is a scire facias to revive a judgment. Judgment was entered in this court, in 1853, against Henry J. Portser, and in favor of Joseph Anderson. The scire facias to revive that judgment was issued on the 4th of August, 1876, so that nearly twenty-three years have elapsed since the entry of the judgment, and the issuing of the scire facias. The judgment, however, was not payable until 1855, payable, by reference to the single bill,

Cited in Arnold v. Lightner, 11 Pa. Co. Ct. 641, 643, 1 Pa. Dist. R. 791, 9 Lanc. L. Rev. 116.

NOTE.—The set-off claimed in this case rested on claims arising from a partnership, the accounts of which were unsettled. Generally a claim not reduced to judgment cannot be used as a set-off upon a scire facias to revive, unless it can be shown that it was accepted as a payment of the judgment. Bishop v. Goodhart, 135 Pa. 374, 19 Atl. 1026. But if a settlement between the parties appears, the defense is sufficient. Smith v. Coray, 196 Pa. 602, 46a; Perkins v. Coray, 196 Pa. 608, 46 Atl. 1103.

In addition the claim, offered as a set-off, was barred by the statute of limitations, and was not, therefore, available. Morrison v. Collins, 127 Pa. 28, 14 Am. St. Rep. 827, 17 Atl. 753; Light's Estate, 136 Pa. 211, 20 Atl. 536, 537.

I perceive, on the first of August, 1855; so that from that time up until the issuing of the scire facias more than twenty years have elapsed.

The plaintiff alleges that this judgment, however, has not been paid, and the defendant on his part claims that a presumption of payment arises from the lapse of time, and that the jury may infer from the relations and business transactions between the parties, that the debt was satisfied. This is the question, then, which you are to determine—whether or not this judgment has been paid. If it has not been paid, your verdict should be in favor of the plaintiff for the amount of the judgment, after allowing such credits as the defendant may be entitled to, and allowing the plaintiff, also, interest on the balance of his claim up to the present time.

For the purpose of showing that the judgment has not been paid, the plaintiff relies upon certain facts or circumstances which have been disclosed by the evidence.

It seems that on the 28th of July, 1853, an article of agreement was entered into between Joseph Anderson and Henry J. Portser, by which Anderson agreed to convey his interest in a saw mill and stave machine to Portser for the consideration, if we remember rightly, of $1,300. In payment of this consideration Portser conveyed to Anderson a lot or house and lot in Saltsburg, estimated and valued by the parties at $700. That left $600 of the consideration money unpaid, and for the purpose of securing this $600 Portser executed and delivered to Anderson three single bills, each calling for $200, one of them payable in 1854, the other in 1855, and the third in 1856. Under warrants of attorney in these single bills to confess judgment, judgments were entered upon the records of this county on the 20th of August, 1853, the judgments having been entered upon each of the three single bills. Mr. Anderson receipted to Portser, on the article of agreement, for the conveyance of the lot, estimated at $700, and also for the three several judgment notes to which we have just alluded. Thus the matter stood between the parties, from July, 1853, to February 2, 1857. On that day Mr. Anderson receipted to Portser for the sum of $69.45 upon this article (the receipt is written upon the article itself); and upon the same day, to wit: February 2, 1857, Anderson conveyed his interest in the article to James R. Daugherty, who is the equitable plaintiff in this suit. Now it

is contended by the plaintiff that the receipt upon the article shows a payment by Portser to Anderson for the consideration money mentioned in that agreement.

It does not seem to be disputed that the judgment notes which were entered in court here represent the purchase money described in the article of agreement, bearing date the 28th of July, 1853.

It is contended then by the plaintiff that there was a payment by Portser on February 2, 1857, upon his indebtedness to Anderson which indebtedness was the purchase money of the property sold under this article of agreement. If that be so, and the evidence seems to confirm it, then the period of twenty years has not elapsed since the payment of that $69.45.

When a debt is evidenced by an instrument under seal, or is in the shape of a judgment, there is no statute of limitations that applies to it. The owner of the claim may bring his suit or institute proceedings for its collection at any time; but the law does raise a presumption after the lapse of twenty years that such debt has been paid, and if the twenty years have expired, the *onus* of showing non-payment is upon the party seeking to collect the claim; but if that party shows a recognition or acknowledgement of the judgment as a subsisting obligation, or if he shows a payment upon it by the party indebted, within twenty years, then that would be sufficient to remove any presumption against him, and would cast the burden of showing payment upon the other side.

In this case nineteen years and some six months have elapsed since this credit of $69.45 was placed upon the article.

The presumption, therefore, does not arise; but the time, the twenty years, having nearly expired, it becomes weakened, as such presumptions always do, in proportion to the length of time that has elapsed.

It is contended by the defendant that this payment of $69.45, ought not to be considered as having been made upon the judgment in suit. It seems that many years afterwards, in 1877, this credit was applied to judgment 195 or 196. Which was that?

(Counsel for defendant: 196, the preceding one, the first one, due Aug. 1, 1854.)

And it is contended that, inasmuch as it was applied to the previous judgment entered to number 196, it ought not to be

regarded as a credit or payment upon the judgment now in controversy.

They allege that the payment would naturally and legally be applied to the indebtedness first falling due, and that it was the judgment entered to No. 196. But by reference to the article, it would appear that this $69.45 was paid upon the article; it does not appear to have been applied to any particular judgment. The evidence discloses the fact that the parties were residing in the village of Saltsburg at the time that this credit was entered, in 1857; the single bills had been brought to Indiana and judgments entered upon them upon the record so that they did not, at the moment that the credit was entered, have access to the record; and the receipt would seem, consequently, to have been taken upon the article itself. But as there is no other indebtedness to which the receipt could be applied than the balance of the purchase money due from Portser to Anderson, it would naturally be regarded as a payment upon that indebtedness. The application of the amount to the first judgment entered was made under circumstances which would not estop the plaintiff from showing that it was a payment upon the general indebtedness. Mr. William S. Daugherty, who made the entries, says that he had no particular directions from his father as to where that credit should be applied; that he applied the $69 to that judgment, and some other items of work with which the defendant was credited, to the other judgments; so that we think this evidence is sufficient to justify and warrant the court in submitting the question to the jury, as to the payment of this judgment. It was recognition, such a recognition or acknowledgment of an existing indebtedness within the period of twenty years, by the defendant, as entitles the case to go to the jury. But whether the plaintiff can recover or not, must depend upon a consideration of all the evidence and facts and circumstances in the case. More than nineteen years and a half have elapsed since that payment was made; and as we have already remarked to you, while the presumption of nonpayment still continues in favor of the plaintiff, yet it grows weaker in proportion as the time has elapsed. If the jury are satisfied from all the evidence in the case that the debt has been paid, then it would be your duty to find in favor of the defendant, although the twenty years had not expired.

The plaintiff contends that it ought not to be regarded as

paid; first, because the twenty years have not expired; and second, because the defendant was not in embarrassed circumstances, and that it was difficult, if not impossible, to collect debts from him. If this be so, it would be a proper circumstance for the consideration of the jury in determining the question whether the judgment had been paid or not.

Upon the other hand the defendant contends that the plaintiff was in embarrassed circumstances, and that he, defendant, at least for a great many years, was able to pay all his debts; that judgments were entered up against him here and executions issued; but the debts for which they were issued were finally paid.

This is about all that we deem it necessary to say to you with respect to this case. It is a question, under the evidence, for the determination of the jury. You will take it all into your consideration and say whether this judgment has been paid or not.

The defendant presented, *inter alia,* the following points:

1. If the jury believe that the plaintiff applied the $69.45 receipt on the article February 2, 1857, to the judgment No. 196, June term, 1853, maturing August 1, 1854, and receipted or credited it on the docket to that judgment, he cannot now apply it to the payment of No. 197, June term, 1853, on which this scire facias was issued, so as to affect the presumption of payment after the lapse of twenty years from the maturity of the latter judgment, and if the jury find that the plaintiff so applied on the docket that receipt for $69.45, their verdict should be for the defendant.

*Ans.* "The application of the credit of $69.45 to judgment No. 196, June term, 1853, at the time and under the circumstances stated in the testimony of William S. Daugherty, would not affect the presumption adversely to plaintiff, or prevent a recovery of this sum, when it was receipted on the second of February, 1857, and was designed by the parties as a payment upon the whole amount of purchase money mentioned in the written agreement in which the receipt is entered." (First assignment of error.)

4. That a plea of set-off will lie on the trial of a scire facias to revive a judgment, and defendant, under such plea, may give in evidence accounts and cross demands he may individual-

ly have against the plaintiff issuing the scire facias, and under such plea the jury may return a verdict for a balance against the plaintiff.

*Ans.* "This point, in so far as applicable to this case, is refused; any counterclaim defendant may have against Daugherty, as well as the relations of the parties, at one time as partners, would be proper subjects for the consideration of the jury in determining whether the judgment was paid; but such counterclaims cannot, in this proceeding, be made available to the defendant as ground for the recovery of a balance in his favor." (Second assignment of error.)

Plaintiff offered in evidence the article between Joseph Anderson and H. J. Portser dated July 28, 1853, and the receipt on this article from Joseph Anderson, to H. J. Portser for $69.45, balance on book account, dated February 2, 1857, for the purpose of rebutting the presumption of payment. This was objected to because the receipt purporting to be dated in February, 1857, has not been proven in such a way as to make it relevant in the issue trying. Further, this receipt for $69.45 having been appropriated and applied by the plaintiff as a credit on the record of another judgment, No. 196, June term, 1853, cannot be used now to affect the judgment No. 197 in inquiry. The plaintiff having used that credit on judgment 196, June term, 1853, is estopped from applying it now to the judgment in question, or any other.

By the court: "We will receive this offer for the present, reserving its effect." (Third assignment of error.)

Plaintiff offered on evidence the deposition, taken on commission and interrogatories to Marshall county, state of Indiana, of J. D. McClaran.

The deposition contained, *inter alia,* the following interrogatories:

3. Have you seen an article of agreement between Joseph Anderson and H. J. Portser, bearing date July 28, 1853, on which there is a receipt signed by Joseph Anderson, for $69.45, bearing date February 2, 1857; also an assignment of the article in your own handwriting, by Joseph Anderson to James R. Daugherty, witnessed by yourself, bearing same date as receipt?

4. State whether you were present when this receipt was

written and signed by Joseph Anderson, and if you were, state whether or not James R. Daugherty was present and wrote the receipt, and whether H. J. Portser was also present.

6. State whether the assignment was written by yourself, and witnessed by you, whether it was done on the second day of February, 1857, the day it bears date.

The answers to these interrogatories were as follows:

3. To the third interrogatory on the part of the plaintiff, he answers as follows: Yes, I have seen the original article ot agreement between Joseph Anderson and H. J. Portser, bearing date July 28, 1853, on which there is a receipt signed by Joseph Anderson for $69.45, bearing date February 2, 1857, and also an assignment of the article in my handwriting, by said Anderson to James R. Daugherty, the execution of which assignment was witnessed by me. From an inspection of the article, I learn that the assignment bears the same date the said receipt bears. I saw the said article with the receipt and assignment written thereon, within the last two months, and now have a copy before me of it, with receipt and assignment thereon.

4. To the fourth interrogatory on the part of the plaintiff, he answers as follows: My best recollection is, after refreshing my memory by an inspection of the original article, that I was present in the office of James R. Daugherty, Esq., in the borough of Saltsburg, in Indiana county, Pennsylvania, when he wrote the receipt for $69.45 on the article, and that Joseph Anderson and Henry J. Portser were both present in said office while said Daugherty was writing the receipt, and that Henry J. Portser remained present in said office until after Anderson signed the receipt, and that Daugherty, Anderson, and Portser, all remained in said office while I wrote the assignment of the article of agreement from said Anderson to said Daugherty, and while Anderson signed the assignment, and I witnessed it.

6. To the sixth interrogatory on the part of the plaintiff, he answers as follows: Yes, the assignment of the article of agreement from Anderson to Daugherty was written and witnessed by me, and if I made no mistake in the day of the month at the time, the assignment was written and signed and witnessed by me on the 2d day of February, 1857. I have no recollection of the dates, except what I gather from an inspection of the paper itself. I recollect that the receipt and assignment were

both written and signed on the same day, but whether that day was the 2d day of February, 1857, I have no recollection aside from the papers, but I believe they were both written and signed on the day they bear date.

Defendant filed the following exceptions to the deposition:

1. The testimony appears to have been filed November 21, 1884, at which time there were no seals attached to the certificates of the notary public, who appears to have taken the testimony. The testimony appears to have been taken from the office and sent to the notary, and is again filed in the office, November 28, 1884, in a different shape from what it was November 21, 1884—so far as seals, at least, are concerned.

2. The questions asked the witness were too leading in form.

3. The witness seems to have had a paper before him, shown him by the plaintiff to testify about, at the time he gave his testimony. This was improper, as the only legal method of executing a commission is for the witness to answer the written questions without any interference from either party.

4. The witness speaks of a copy of an article and assignment being before him—this not proper testimony, as it is not here, and no method now of knowing whether this was a correct copy.

5. The mere belief of a witness as to when certain writings were made, is not proper evidence.

6. The testimony of the witness about the paper is that he has no recollection of dates except what he gets from the papers themselves—this not proper evidence.

7. The certificate of the execution of the commission is not in proper form. There are general inaccuracies about the execution of this commission.

Attorney for defendant also excepted orally to the deposition as follows:

To the third, fourth, and sixth interrogatories, as being too leading in form. To the part of the deposition which gives the opinion of the witness. To the answer of the third interrogatory wherein he speaks of the article being before him. To the answer of the sixth interrogatory, as too vague and indefinite to be submitted to the jury, *viz.:* "If I made no mistake in the day of the month at the time the assignment was written, and signed, and witnessed by me, on the second day of February, 1857. I have no recollection of the dates, except what I gather

from an inspection of the paper." "I have no recollection aside from the papers, but I believe they were both written and signed on the day they bear date."

By the court: "The exceptions as written and filed are over-ruled. Also, the exceptions as now orally given, are overruled." (Fourth assignment of error.)

Plaintiff offered in evidence the mill book of Daugherty and Anderson: Henry J. Portser, Dr., $21.78, for purpose of show-ing claim against H. J. Portser.

Defendant objected as irrelevant; also, because it is prior to assignment of these judgments to Daugherty, and because testi-mony shows this to be book of Anderson and Daugherty; Jo-seph Anderson had an interest in it, and M'Claran swears that was a casting up of accounts between Portser and Anderson, before an article was assigned to Daugherty.

By the court: "It is for the purpose of showing claim against Portser. Admitted." (Fifth assignment of error.)

*Watson & Telford* and *J. M. Leech,* for plaintiff in error.— The first error assigned is the allowance of the court below, of receipt of $69.45, February 2, 1857, on the article to toll the twenty years' presumption on this judgment.

The evidence was clear, by the record, that this amount was appropriated and applied by the plaintiff, Daugherty, on a pre-vious judgment.

It is submitted that it was error in the court not to allow the full effect of the plea of set-off of the matters specified, and filed by the defendant, with his plea of set-off. We have seen that the plaintiff, Daugherty, himself, admitted the defendant had other claims and accounts against this judgment, for he files, on the record, a credit of $62, "for painting Orr's house in January, 1857." This was part of defendant's book ac-counts. Then, it was shown on another judgment of Anderson for use of Daugherty, on the note due August 1, 1856, No. 198, June term, 1852, that the plaintiff entered on the record a "credit September 22, 1858, painting Levi Trees' house, $50." All this is a recognition of the right of Portser to bring in his set-off here against this and other judgments. Hugg v. Brown, 6 Whart. 474; Murray v. Williamson, 3 Binn. 135; Wolf v. Beales, 6 Serg. & R. 244, 9 Am. Dec. 425; Prouty v. Hudson, 5 Clark (Pa.) 312; Best v. Lawson, 1 Miles (Pa.) 11.

The third assignment of error raises the admissibility of the receipt on the article, between Anderson and Portser, dated February 2, 1857, of $69.45, to rebut the presumption of payment.

There was no testimony offered to make this receipt admissible within the legal rule. The presumption of payment having arisen, to receive this receipt, the plaintiff was required to prove that it was made with the knowledge of Portser, or before the lapse of time which raises the presumption of payment. Cremer's Estate, 5 Watts & S. 331; Addams v. Seitzinger, 1 Watts & S. 244.

When a party offers indorsements of payment on paper, to rebut the plea of the statute, or presumption of payment, he must show that they were made when it was against his interest to make them there. Such principles are expressed in Shaffer v. Shaffer, 41 Pa. 54, and other cases. See also Petriken v. Collier, 7 Watts & S. 392; Weidner v. Conner, 9 Pa. 78; Dailey v. Green, 15 Pa. 127; Susquehanna & W. Valley R. & Coal Co. v. Quick, 61 Pa. 339.

To sustain the fifth assignment, it may be said the offer by the plaintiff, of an account on the books of Anderson and Daugherty against Portser, is of a class of offers made and received that were not, we think, admissible. On what principle were these and similar items admissible ?

There cannot be set-off against set-off—set-off is allowed no further than to the defendant. Mutual debts do not extinguish each other, for had there been such a principle of application at common law, a statute of set-off would have been unnecessary. Ulrich v. Berger, 4 Watts & S. 19; Metzgar v. Metzgar, 1 Rawle, 227.

_J. N. Banks_ and _Samuel Cunningham,_ for defendant in error.—The credit of $69.45, entered on the Anderson and Portser agreement, February 2, 1857, was a general credit on the balance of the unpaid money, secured by the three judgments, one of which is the judgment now in controversy. The credit applied as well to this judgment as to either of the others, and was a recognition of the whole debt for which these judgments were given as security.

The exceptions to the deposition were taken on the trial of the case, after the jury had been sworn, when the deposition

was offered in evidence. It was then too late to make objection to the form of the question asked the witness. Notice of the filing of the interrogatories was given the plaintiff in error before they were sent to the commissioner. He had an opportunity to file cross interrogatories or except to those filed; he cannot now complain that the interrogatories were not in proper form; when he made no objection to them until on the trial of the case. Strickler v. Todd, 10 Serg. & R. 63, 13 Am. Dec. 649; Sheeler v. Speer, 3 Binn. 130; Overton v. Tracey, 14 Serg. & R. 324; Jones v. Lucas, 1 Rand. (Va.) 268; M'Kim v. Somers, 1 Penr. & W. 297.

In Taylor v. Gould, 57 Pa. 157, where exception was taken to the rejection of several claims against the plaintiff, offered as a set-off, the court says: "Upon their face they all appeared to be barred by the statute of limitations, and there was no offer to accompany them with proof that the statute did not bar them. They were, therefore, properly rejected." See also King v. Coulter, 2 Grant (Pa.) 81; Jacks v. Moore, 1 Yeates, 391, and Milne's Appeal, 11 W. N. C. 330.

There was no evidence in this case to remove the bar of the statute of limitations.

But even if they had not been so barred these unsettled partnership accounts could not have been used as a set-off. Wharton v. Douglass, 76 Pa. 273; Hains v. Rapp, 2 W. N. C. 596; Stiles v. Daugherty, 16 Phila. Leg. Int. 132; Craig v. Rushton, 1 W. N. C. 29; Sennett v. Johnson, 9 Pa. 335; Dovell v. Zulich, 1 W. N. C. 264.

Per Curiam:

The principal question in this case was whether the presumption of payment was a defense to the plaintiff's claim upon the scire facias to revive. This question was left to the jury under proper instructions. The sum of $69.45 was paid on account of the articles of agreement and, as an acknowledgment of an indebtedness then existing, was applicable to the entire debt. We are unable to see any error in the admission of the deposition of J. D. McClaran, or in the rulings of the learned judge upon the question of set-off.

Judgment affirmed.