GOOD, J., dissents from rule stated in the third paragraph of syllabus.

STATE OF NEBRASKA ET AL., APPELLEES, V. DWIGHT PAINTER, DEFENDANT: LOUIS HALBERT ET AL., APPELLANTS.

FILED MAY 18, 1928. No. 25981.

*Dort, Cain & Dort,* for appellants.

*R. C. James, contra.*

Heard before Goss, C. J., Dean, Good, Thompson and Howell, JJ., and Clements and Redick, District Judges.

Howell, J.

Appeal by Louis Halbert and F. Kirk, as sureties, from an order forfeiting a recognizance given in a criminal case.

On July 24, 1926, Dwight Painter was charged with crime in the county court. He and sureties entered into a recognizance for Painter's appearance in the district court on that day at 11 o'clock a. m., and from term to term until discharged. November 12, 1926, the district court, in the absence of Painter and sureties, without notice or knowledge, entered an order forfeiting the recognizance and gave judgment against them for $1,000, and the clerk of the court was ordered to issue warrant for Painter's arrest.

January 27, 1927, the sureties filed a petition to set aside the judgment and forfeiture. During the October, 1926, term of the district court, trial of the case was postponed, and the jury temporarily excused. Painter's attorney, it is claimed, through "inadvertence and misunderstanding," told Painter the case would not be tried until the November, 1926, term of court. The jury were "called back" about November 12, 1926. At that time, defendant not appearing, the recognizance was forfeited. Painter's attorney explained the circumstances relating to his "inadvertence and misunderstanding," and requested, without avail, that the case be continued to November 27. Upon learning of the forfeiture, petitioners paid a $200 reward, and other expenses, for Painter's apprehension, and surrendered him to the district court, where he was tried and

acquitted. The prayer of the petition was to vacate the forfeiture "and for such other, further or different relief as may be just and equitable, and such orders as to costs be entered as may be lawful and just."

Having carefully examined the record, the petition of the sureties to set aside the forfeiture, and the judgment rendered thereon, together with the law, we are clearly of the opinion that the forfeiture of the bond was in all things regular, and that there is nothing of which the sureties can legally complain, up to that point.

The troublesome question is whether or not chapter 110, Laws 1923, is a valid and constitutional enactment. The title reads: "An act relating to recovery on forfeited recognizances, and to repeal sections 10040, 10041, 10042, and 10043, Comp. St. 1922." That act consisted of two sections. Section 1, in so far as it is material here, reads: "Whenever *such* recognizance shall have been forfeited *as aforesaid*, it shall be the duty of the clerk of the district court, upon the request of the county attorney or of attorneys for boards of education, to issue a writ of execution against the property of the surety, and the sheriff to whom such writ of execution shall be directed and delivered, shall proceed immediately to levy upon the goods and chattels of the surety," etc. (Italics ours.) Section 2 reads: "That sections 10040, 10041, 10042, and 10043, Compiled Statutes of Nebraska, are hereby repealed."

It will be noticed that this is an independent enactment and purports on its face to be complete in itself. It does not appear to be an amendment to any other act or section of the law. It does not purport to amend either of the sections repealed. The words "such recognizance" and "as aforesaid" are without meaning, unless it is somehow made to appear that the section is intended to become a part of chapter 22, Comp. St. 1922, to follow section 10039 thereof. Section 14, art. III of the Constitution, contains this provision: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title.

And no law shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed." Said chapter 110 does not "clearly express in the title" that its purpose is to amend any section or sections of the statute.

If it be said that the words "such recognizance" and "as aforesaid" refer to section 10039, Comp. St. 1922, and we examine that section, we find no provision therein for a judgment on the forfeiture. In that situation, the new act provides that the clerk of the court shall issue a writ of execution "upon the request of the county attorney." We know of no provision authorizing the issuance of an execution upon anything but a judgment, other than this act. Whatever might be said about the provision being, in effect, amendatory of the laws relating to executions generally, it adds complications to the new act.

That chapter 110 does not cover the whole subject or general scheme to which it relates is apparent. Its purpose not to amend any particular section is likewise apparent. Its terms are not comprehensive. Statutes, so indefinite and uncertain that the courts are unable to determine what the legislature intended, are void.

Section 10039 is not the only one concerning the forfeiture of a recognizance. Section 9946, Comp. St. 1922, provides for a recognizance to keep the peace, while section 10039 refers to "in any criminal prosecution, either to appear and answer, or testify in any court." Whether the words "such" or "as aforesaid" refer to one or the other is not definitely known.

An illustration of indefiniteness is found in 25 R. C. L. 811, sec. 63: "A statute prohibiting the sale in a specified county of intoxicating liquors within a specified distance of a church, designated by name, where there are two churches of that name in the county."

The only ground for assuming that those words refer to section 10039 is the fact that chapter 110 repeals the four sections following. It is true that a recognizance differs from an appearance bond, in that the one is a debt

of record, and the other is a contract with the state. We do not think that a default and forfeiture of a recognizance is, in a true sense of the word, a judgment upon which the clerk may issue an execution, either with or without request. The trial court seemed to be of the opinion that a formal judgment on the forfeiture should be entered. Such a proceeding certainly is desirable. As to a recognizance, we think it is not necessary that any formal notice be given to the principal or sureties as a condition precedent to either a forfeiture or a judgment upon a forfeiture under any state or federal constitutional provision. The purpose of the Constitution, as to amendments, is to prevent unnecessary confusion, and fixed policies existing by statute are not to be lightly or inferentially interfered with.

Sections 10040—10043 provided a very reasonable procedure in connection with the practice of courts in exercising the equitable power of remitting a recognizance penalty, in whole or in part. Chapter 110 is extremely harsh and arbitrary. It is not sufficiently definite and certain to be effective in and of itself, because of its own terms. If it were so, it would need no interpretation by resorting to other laws, not referred to, further than to determine whether it was *in pari materia* with other laws. The Constitution would not affect it if it only changed or modified existing statutes merely as an incidental result.

We conclude that the statute is too indefinite and uncertain, and offends against the Constitution. If we are correct in this conclusion, the whole enactment is void, since it is apparent that sections 10040—10043, inclusive, above referred to, in all probability, would never have been repealed but for section 1 of said chapter. Chapter 110 being void, the trial court proceeded erroneously, as section 10040 contemplates the prosecution of a "civil action for the penalty" fixed in the recognizance.

The forfeiture of the recognizance entered by the district court will stand. The judgment entered thereon is reversed, and this cause is remanded without prejudice to

proper proceedings under chapter 22, Comp. St. 1922, as the same existed prior to the enactment of chapter 110, Laws 1923.

REVERSED.