ORCHARD & WILHELM COMPANY ET AL., APPELLEES, V. C. R. SEXSON ET AL., APPELLEES: OSCAR H. HAHN, APPELLANT.

FILED FEBRUARY 7, 1930. No. 27018.

*Stiner & Boslaugh, Edmund Nuss* and *Walter M. Crow,* for appellant.

*James E. Addie, Bernard McNeny* and *O. E. Bozarth, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and DAY, JJ., and LANDIS, District Judge.

GOOD, J.

This is a proceeding to revive a dormant judgment rendered against eight defendants. The proceeding was instituted by one of the judgment debtors who, before dormancy of the judgment, had paid the amount thereof to the judgment creditor and taken from the latter an assignment of the judgment. In this proceeding one of the judgment debtors had died and another was not served, so that the

proceeding was as against five of the judgment debtors. Of the five, one made default and four filed answers, alleging, as defenses, the statute of limitations, satisfaction of the judgment, and that payment by Hahn, the applicant for revivor, was a discharge of the judgment. A trial of the issues resulted in a judgment of revivor as to three of the defendants, each being held liable for one-fifth of the judgment. The applicant for revivor has appealed.

The original judgment was based upon a promissory note, executed by nine individuals, and represented money borrowed by them to be used in a common enterprise. It was agreed among the makers of the note that each should pay one-ninth thereof, and prior to the beginning of the suit on the note four of the makers had each paid his one-ninth part thereof. In the action upon the note all of the makers were named defendants. For some reason not appearing in the present record, judgment was rendered in favor of the holder of the note against only eight of the makers.

In the original judgment, among others, are the following findings: "That the signers of the note set out and described in the petition herein, and who are the defendants in this case, contracted and agreed *inter alia* that each should pay an equal aliquot part of said note and the indebtedness represented thereby, and that said agreement, contract and obligation of the parties should be recognized and enforced as between them, and that the defendants O. H. Hahn, A. J. Boren, F. B. Muffley and C. R. Sexson, have each made such payments. That plaintiff is entitled to recover of and from each and all of the defendants herein said total amount found due the plaintiff as aforesaid, and the costs of this action, and the defendant or defendants paying and satisfying the judgment made, rendered and entered herein should and may have contribution between themselves and from the other defendants," etc. The judgment on the findings contains the following: "That the defendant or defendants paying said amount should and may have contribution from the other defendants or defendant, and that there should be contribution herein be-

tween the defendants in the event that any defendant pays more than his one-ninth part of said indebtedness."

After the judgment was rendered, execution was issued and was levied upon the lands of defendant Hahn. To prevent his property from being sold, he paid the amount of the judgment and took an assignment from the judgment creditor. This was done in December, 1922. Hahn apparently took no steps to enforce contribution under the judgment and permitted the judgment to become dormant; hence, the institution of this proceeding by him. It is apparent that, as agreed among the defendants, each was a principal to the extent of one-ninth part of the note, and surety for the other defendants as to the remaining eight-ninths thereof.

With reference to the defense, urged against revivor, that the judgment had been satisfied by a settlement and arrangement between Hahn and the other defendants, the evidence was somewhat conflicting, and the trial court found against the defense. An examination of the record convinces us that the finding is fully sustained by sufficient evidence and should not be disturbed.

With reference to the statute of limitations, section 8982, Comp. St. 1922, provides: "If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment: Provided, no judgment shall be revived unless action to revive the same be commenced within ten years after such judgment became dormant." Prior to the enactment of this statute there was no limitation as to the time in which a judgment might be revived. Clearly, the statute gives a period of ten years after it becomes dormant in which to revive a judgment. The revivor proceeding here was begun within a few months after dormancy occurred and was not barred by the statute of limitations.

We next come to a consideration of the principal question raised, and that is whether or not, where two or more persons are liable, jointly upon a judgment, but where, as between or among the judgment debtors, each is a principal

for an aliquot part of the judgment and as to the other part is a surety for the other judgment debtors, one may pay the judgment and take an assignment thereof and keep the judgment alive so as to enforce contribution from his codefendants.

It has long been a rule that where a judgment was rendered against two or more defendants, who were jointly liable, a payment of the judgment by one of the debtors satisfied and extinguished the judgment, and if a right to contribution existed it could be enforced only in an independent action brought for that purpose. This rule is not applicable where the judgment pronounced, pursuant to statutory authority, determines the rights of the defendants *inter se* as to subrogation and contribution, in the event one of them is compelled to pay more than his proportionate part of the judgment. In the latter case, payment of the judgment to plaintiff, or his assignee, by one of the defendants operates to extinguish the judgment only in so far as it pertains to the rights of the judgment plaintiff. It does not operate to extinguish or satisfy the judgment in so far as it pertains to the adjudicated rights of defendants *inter se*. In fact, such a judgment is two-fold in character. It determines and adjudicates the rights between the plaintiff, on the one hand, and all the defendants, on the other. It also determines and adjudicates the rights of the several defendants as against each other. In such case, payment to the plaintiff by one of the defendants operates to extinguish the rights of plaintiff only. The judgment remains alive as a basis for the adjustment of the adjudicated rights of the defendants *inter se*. *Drexel v. Pusey,* 57 Neb. 30; *Nelson v. Webster,* 72 Neb. 332, 68 L. R. A. 513; *Danker v. Jacobs,* 79 Neb. 435; *Kramer v. Bankers Surety Co.,* 90 Neb. 301; Comp. St. 1922, sec. 8936; 32 Cyc. 34.

It follows that defendant Hahn, who had paid the judgment and taken an assignment thereof, was entitled to have it revived in its entirety, as it existed at the time he took the assignment. The trial court, in ordering a revival of part of the judgment as to certain of the defendants, did not

.accord him the full relief to which he was entitled. It may be remarked that in this proceeding the extent to which Hahn may enforce his rights against his codefendants is not involved and is not here decided.

The judgment of the district court is reversed, and the cause remanded, with directions to enter an order reviving the judgment in its entirety, as it existed at the time of its assignment to Hahn.

REVERSED.