BAKER STEEL & MACHINERY COMPANY ET AL., V. L. C.
FERGUSON ET AL., APPELLEES: WESTERN
SURETY COMPANY, APPELLANT.

290 N. W. 449

FILED FEBRUARY 23, 1940. No. 30671.

*Hotz & Hotz,* for appellant.

*Kennedy, Holland, De Lacy & Svoboda* and *Edson Smith,*
*contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE,
CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is an appeal from an order of the district court for
Douglas county, reviving a dormant judgment against the
Baker Steel & Machinery Company and the Western Surety
Company, the latter company being the signer of a stay
bond given to meet the requirements of section 20-1507,
Comp. St. 1929, to obtain a nine months' stay of execution.

The Western Surety Company brings the case to this court for review.

The record discloses that on September 28, 1927, one L. C. Ferguson obtained a judgment against the Baker Steel & Machinery Company in the amount of $3,637.79, with interest thereon at 7 *per centum per annum* from October 1, 1927. On October 17, 1927, a stay bond was filed under the provisions of section 20-1507, Comp. St. 1929, in which the Western Surety Company appeared as surety. Five years after the entry of the judgment it became dormant. On July 5, 1933, L. C. Ferguson and Thomas W. Ferguson, as assignee, filed their application for a revivor of the judgment. Service of the conditional order of revivor was had upon the Western Surety Company by the delivery of two certified copies of said order to the director of the department of insurance of the state of Nebraska, and upon the Baker Steel & Machinery Company by delivering a copy to Clifford J. Hotz, president, and by leaving a copy at the last usual place of business of the said corporation in Douglas county. The judgment was revived against the Baker Steel & Machinery Company on August 23, 1933, and kept in force by the issuance of an execution on August 19, 1938. On December 14, 1938, the judgment was revived against the Western Surety Company after innumerable unexplained delays dating from 1933. It is from this order that the appeal was taken.

The primary question involved is whether a stay bond given under the provisions of section 20-1507, Comp. St. 1929, is a judgment within the purview of the statute providing for the revivor of dormant judgments. The stay bond statute provides in part: "The sureties for the stay of execution may be taken and approved by the clerk, and the bond shall be recorded in a book kept for that purpose, and have the force and effect of a judgment confessed from the date thereof against the property of the sureties, and the clerk shall enter and index the same in the proper *judgment docket,* as in the case of *other judgments.*" (Italics ours.) Comp. St. 1929, sec. 20-1510. Another statute provides

that an execution shall issue against the surety upon expiration of the stay. Comp. St. 1929, sec. 20-1513. The question is one of first impression in this state, although there are cases which point to the proper result. In *State v. Fleming*, 21 Neb. 321, 32 N. W. 73, this court pointed out that one of the conditions imposed upon a judgment debtor to obtain a stay was that execution would issue if payment was not made on expiration of the stay. And in *State v. Painter*, 117 Neb. 42, 219 N. W. 794, the court stated that it knew of no authorization for the issuance of an execution except on a judgment.

The argument is advanced that the bond cannot be a judgment for the reason that it is contractual in its nature and contains no statement that it is a judgment or that it may be summarily enforced as a judgment. Appellant overlooks the fact that, as the bond was given with the statute existing which provides that it should have the force of a judgment with the right to an execution, the law entered into the bond and became a part of it just as effectually as if written into the bond. *Johnson v. Chicago & Pacific Elevator Co.*, 119 U. S. 388, 7 S. Ct. 254, 30 L. Ed. 447; *People v. Quigg*, 59 N. Y. 83. The direction in the statute that the stay bond should be indexed "in the proper judgment docket as in the case of other judgments" clearly makes the stay bond a judgment. We therefore hold that the stay bond was a judgment within the purview of sections 20-1515 and 20-1420, Comp. St. 1929, defining dormant judgments and providing for their revivor.

It is urged that the revivor proceeding is barred by the statute of limitations. Under section 20-1420, Comp. St. 1929, a judgment may be revived any time within ten years after it became dormant. Clearly the statute of limitations has no application. *Orchard & Wilhelm Co. v. Sexson*, 119 Neb. 370, 229 N. W. 17.

Appellant contends that the statute making a stay bond a judgment against the surety conflicts with the due process clauses of the state and federal Constitutions. We think this contention is without merit. Due process requires that

there be an opportunity to present any defense that one may have. It has been held, however, that such opportunity need not necessarily be made available before judgment is entered. An appeal on the record which included the bond afforded the required opportunity. The procedure employed was therefore consistent with due process. *American Surety Co. v. Baldwin*, 287 U. S. 156, 53 S. Ct. 98, 77 L. Ed. 231; *United Surety Co. v. American Fruit Co.*, 238 U. S. 140, 35 S. Ct. 828, 59 L. Ed. 1238.

Appellant filed a special appearance in the district court objecting to the jurisdiction of the court on the ground that proper service of the conditional order of revivor was not had. The special appearance was overruled and the alleged error in so doing preserved for our consideration. Service was had pursuant to section 44-207, Comp. St. 1929, providing for service on a foreign corporation by serving duplicate copies of the process on the department of insurance. Appellant admits that it was authorized to transact business in Nebraska prior to December 31, 1929. A judgment against it prior to that date, though dormant, is a liability. This being true, service of process was properly had under the provisions of section 44-207.

Appellant argues that it has been unlawfully deprived of its right to set off certain claims held by the Baker Steel & Machinery Company against L. C. Ferguson. With this we cannot agree. The only defenses available against an application to revive are (1) that there is no judgment to revive or that the purported judgment is absolutely void, and (2) that the judgment was paid or otherwise discharged. Set-off or counterclaim is not a defense to a proceeding to revive a dormant judgment unless there has been an agreement to apply it, in which event it is treated as a payment. *Lashmett v. Prall*, 83 Neb. 732, 120 N. W. 206. The complaint is made that a valid assignment from L. C. Ferguson to Thomas W. Ferguson was not established. Even if this be so, appellant could not assert a counterclaim as a defense. The revivor was properly had upon the joint application of the original judgment creditor and his as-

signee. The validity of the assignment is not an issue as against the judgment debtors. The revivorship proceeding merely recognizes the record and does not adjudicate the validity of the assignment.

We find no prejudicial error in the record.

AFFIRMED.