58 So.2d 129

**EATMAN v. GOODSON et al.**

2 Div. 828.

Court of Appeals of Alabama.

Nov. 20, 1951.

Rehearing Denied Jan. 8, 1952.

David M. Hall, Eutaw and Jones, Dominick & McEachin, Tuscaloosa, for appellant.

E. D. McDuffie and Joe G. Burns, Tuscaloosa, for appellee.

CARR, Presiding Judge.

On September 18th, 1933, the Circuit Court of Greene County, Alabama, rendered a judgment in favor of F. I. Eatman and against Floyd Goodson and Naomi Goodson.

In the case at bar Mr. Eatman seeks to have this judgment revived by scire facias. Title 7, Sec. 574, Code 1940.

To the petition for revival the defendants filed a plea of the general issue; a plea of payment; and plea 3, which is:

"The defendants, Floyd Goodson and Naomi Goodson, as a defense to the action of the plaintiff, saith that, at the time said action was commenced, the plaintiff was indebted to them in the sum of Two Thousand Two Hundred Twenty-nine and 29/100 ($2,-229.29) Dollars, due from plaintiff for money on, to-wit, the 9th day of March, 1932, received by the plaintiff to the use of the defendants, Floyd Goodson and Naomi Goodson, which sum of money, with the interest thereon, is still unpaid, which defendants, Floyd Goodson and Naomi Goodson, hereby offer to set-off against the demand of the plaintiff, and they claim judgment for the excess."

Among the grounds posed in the demurrers was that plea 3 does not constitute a legal answer to the petition. The demurrers were overruled.

On final hearing the trial judge ordered this judgment:

"This cause coming on to be heard on, to-wit, the 19th day of October, 1950, and same having been taken

under advisement by the Court and continued by the Court until this date, and the Court having considered all the pleadings, evidence and argument of counsel in said cause, the Court is of the opinion that the defendants are entitled under Plea 3 in said cause to set off against the plaintiff's claim an amount equal to said claim of the plaintiff.

"It Is Therefore Ordered, adjudged and decreed by the Court and is the order, judgment and decree of the Court that the issues are found in favor of the defendants on said Plea of Set Off filed by defendants in said cause.

"It is further ordered, adjudged and decreed by the Court that the defendants pay one-half the costs of court, and the plaintiff pay one-half the costs in this behalf expended, for which execution may issue."

The action of the lower court in overruling the demurrers to plea 3, supra, constitutes the prime question for our review.

We are here confronted with a situation in which the alleged claim on which the plea of set-off is based arose or accrued prior to September 18th, 1933, the date of the rendition of the judgment in question.

A judgment rendered in a court of competent jurisdiction has solemnity of nature and finality of character. So the authorities are committed to the doctrine that a judgment or decree, which is rendered on the merits of the cause, is conclusive against each defense that might have been interposed whether such defense was pleaded or not. Empire Land Co. v. Sanford, 218 Ala. 318, 118 So. 563; Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759; A. B. C. Truck Lines v. Kenemer, 247 Ala. 543, 25 So.2d 511; Crawford v. Simonton, 7 Port. 110; 50 C.J.S., Judgments, § 682(a), p. 129.

The office of scire facias to revive a judgment is not to seek a new judgment for debt, but the purpose of the proceeding is to revitalize a dormant judgment so as to enable the creditor to enforce by execution the judgment he has already obtained.

Quill v. Carolina Portland Cement Co., 220 Ala. 134, 124 So. 305; Baker, Fry & Co. v. Ingersoll, 37 Ala. 503; Marx v. Sanders, 98 Ala. 500, 11 So. 764; Mobile Drug Co. v. McCullough et al., 215 Ala. 682, 112 So. 238.

"As a rule, in a proceeding to revive a judgment, no inquiry into the merits is permitted, and no matter may be pleaded in defense which was, or might have been, set up in defense to the original action, or which might have been interposed as a defense to a prior proceeding to revive the same judgment. In other words, defenses as to matters arising prior to entry of judgment ordinarily are not available in a proceeding for revival." 49 C.J.S., Judgments, § 540(a), p. 995.

The defenses which may be interposed to a petition to revive a dormant judgment are not enumerated in the statute. Such petitions are unquestionably governed by the same principles as applied to the writ of scire facias when it was used at common law to revive judgments.

In the case of Quill v. Carolina Portland Cement Co., supra [220 Ala. 134, 124 So. 306], our Supreme Court stated the available defenses to be:

"In such case the party may plead nul tiel record, payment, release, or that the judgment has been levied on a fieri facias, or that his lands have been extended upon an elegit."

In the same opinion the court observed:

"That is, in such a proceeding a plea that seeks to go behind the judgment or defend against the original cause is subject to demurrer."

See also, Miller v. Shackelford, 16 Ala. 95.

The early case of Crawford v. Simonton, supra, was a suit on a foreign judgment. The defendant interposed a plea of set-off. In response to the right of this defense the court held:

"The set-off relied on, existed more than four years previous to the cause of action sued on in North Carolina, and nearly nine previous to the rendition of the judgment there. The judg-

ment is conclusive upon all pre-existing matters of defence, and when made the foundation of a new action, it is not allowable to interpose any plea that might have been pleaded to the first action."

In the case of Baker Steel & Machinery Co. v. Ferguson, 137 Neb. 578, 290 N.W. 449, 131 A.L.R. 798, the Nebraska Supreme Court held in effect that a counterclaim or set-off cannot be interposed as a defense in a proceeding to revive a dormant judgment unless there has been an agreement to apply it, in this case it must be treated as a payment.

The Court of Chancery of Delaware in Adair v. Newlin et al., 11 Del. Ch. 242, 100 A. 792, held that a set-off cannot be pleaded by the defendant in a scire facias proceeding to revive a judgment.

To like effect are the holdings in the following cases: Lashmett v. Prall, 83 Neb. 732, 120 N.W. 206; Jenkins v. Anderson et al., 11 A. 558, 8 Sadler, Pa., 363; Bishop v. Goodhart, 135 Pa. 374, 19 A. 1026; Curry v. Morrison, 40 Pa.Super. 301.

In support of the action of the lower court in overruling the demurrers to plea 3 in the case at bar, appellees' attorney relies primarily on the following authorities: Weaver v. Brown et al., 87 Ala. 533, 6 So. 354; Hamilton v. Griffin, 123 Ala. 600, 26 So. 243; Ex parte Cooper et al., 212 Ala. 501, 103 So. 474; Wharton v. King, 69 Ala. 365; Dunham Lumber Co. v. Holt et al., 124 Ala. 181, 27 So. 556.

We do not regard the holdings in any of these cases contrary to the view we entertain. It may be stated that there are expressions in some of the opinions which may tend to support appellees' contention. However, these statements must be taken in connection with the legal issues under review.

The Weaver case [87 Ala. 533, 6 So. 355] is a bill in equity which sought to establish and enforce a vendor's lien on land for unpaid purchase money. A copy of a judgment on a promissory note was made an exhibit to the bill, and it was alleged that the same was unpaid, and constituted a lien on the land.

The respondents sought by answer to interpose a set-off to this effect: "As to the note held by Wilder, they alleged that, at and before the consummation of the contract for the sale of the land, complainant was indebted to Wilder in the sum of about $650 * * *."

In response to this review the court observed:

"We construe the third ground of demurrer to mean that no set-off can now be introduced which could have been made available at the time the judgment was rendered in favor of the complainant. This view of the law is incorrect, a set-off being a defense which may be made or not, at the option of the defendant. It is not compulsory on him to make it, and the judgment does not preclude its future introduction."

It is apparent that the judgment on the note was brought into the equity proceeding because it was claimed that it constituted a lien on the land. This was not a suit to revive the judgment on the note.

The Hamilton case was an action to recover the statutory penalty for the alleged cutting of certain trees. Among the defenses the defendant pleaded as a set-off a subsisting judgment in his favor and against the plaintiff in a justice court. The Supreme Court held that the judgment was a subsisting demand and upon which the defendant could have maintained his action in debt in the circuit court and a proper subject matter of the plea of set-off.

The Cooper case was a proceeding by petition for mandamus to require the circuit judge to vacate an order setting off two judgments against each other, and denying relators' petition to establish and enforce their statutory attorneys' lien. The writ was ordered granted by the Supreme Court.

In the Wharton case the plaintiff brought civil action for the sale to defendant of goods, wares, and merchandise. The court held in effect that a plea of set-off may be made or not, at the option of the defendant, and the plaintiff cannot, in the absence of an agreement to that effect, apply it to the payment of his demand.

■ We copy the first headnote in the Dunham Lumber Co. case:

"Where a party who is insolvent recovers a judgment at law against a debtor, and the debtor has a claim against the judgment creditor he may go into a court of equity to have his claim set off against the judgment, since when there is a cross demand the debtor-creditor has only a claim for any balance remaining after crediting the one with the other as the debt due him."

■ We find no escape from the conclusion that the lower court was in error in overruling appellees' demurrers to plea 3.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.

HARWOOD, J., recuses self.

On Rehearing

CARR, Presiding Judge.

On application for rehearing appellee calls our attention for the first time to the case of Roach v. Privett, 90 Ala. 391, 7 So. 808.

It appears the court in this case declared that the view expressed in Crawford v. Simonton, 7 Port. 110 (cited in our original opinion), "is unsound in principle and cannot be reconciled with later adjudications. The settled doctrine of this court now is, that a set-off may or may not be pleaded, at the election of the defendant; and that, unless it is pleaded, the right to sue upon it as an independent cause of action, or to rely upon it in defense of another action by the same plaintiff, is in nowise affected or impaired by a judgment against the defendant."

The action in the Roach case was founded on a foreign judgment. This was true also in the Crawford case.

The effect of this holding is that the failure of defendant to plead an existing set-off does not bar defendant's right of action in an independent suit. This view was expressed in New England Mtg. Security Co. v. Fry, 143 Ala. 637, 42 So. 57, and Slaughter v. Martin, 9 Ala.App. 285, 63 So. 689.

It is to be noted that the Roach case, supra, was cited in each of the above cases.

■ It is generally held that the proper form of action by which the enforcement of a foreign judgment can be obtained "is debt or the statutory action which has taken the place of debt." 50 C.J.S., Judgments, § 870, p. 445. See also, Carter v. Crews, 2 Port. 81.

Under the influence of these authorities the proceeding in the Roach case, supra, was based on an action in debt and not an effort to have a dormant judgment revived by scire facias.

We agree with counsel that due to the later decisions we should not have given any weight to the holding in the Crawford case, supra.

This observation, and correction, does not change the conclusion we reached in our original opinion.

The application for rehearing is overruled.