## MILLER ET AL. vs. SHACKELFORD.

1. In a proceeding by *scire facias* to revive a judgment, a plea that seeks to reach behind the judgment, or to set up a defence against the original cause of action, is bad on demurrer.

2. A *scire facias* to revive a judgment must set forth the ground on which the revival is sought, and if it omits to do so, it is fatally defective.

Error to the Circuit Court of Tuskaloosa. Tried before the Hon. Thomas A. Walker.

The facts are fully set out in the opinion of the court.

E. W. PECK, for the plaintiffs in error:

1. The plaintiffs in error were entitled to make any defence in this case, in the court below, that could have been made, if the action had been debt instead of *scire facias*. 1 Chitty's Pl. 481, 485.

2. If this action had been debt, founded upon a judgment of a sister State, it is clear, the defence made by the pleas must have prevailed. Pucket v. Pope, 3 N. S. 552, and cases cited. Is not the defence equally available on the present record?— The judgment, the foundation of this proceeding, has no higher legal effect, than it would be entitled to, if it had been rendered by a court of another State. Mills v. Duryee, 7 Cranch 483, 484. Consequently, what would be a defence in one case, must be so in the other.

3. The pleas utterly deny that the court ever acquired jurisdiction of the said John Miller, nor is this fact averred either in the *sci. fa.* or declaration. Now, if the record contained any thing that would have estopped the plaintiffs in error from interposing these pleas, it should have been replied. Pucket v. Pope, *supra.* But I contend, that even if the record recited that the said John Miller appeared, &c., it would not estop him from denying the want of jurisdiction in the court rendering the judgment. Sheernway et al. v. Stilhnan, 6 Wendell, 447, and cases cited. Harrad v. Barretto, jr. et al. 2 Hall's Sup. Ct. Rep. 302; Lucas v. The Bank of Darien, 2 Stew. 280; and Pucket v. Pope, *supra.*

4. If the defence was good for one of the plaintiffs in error, it was for both, for a judgment void as to one of the parties is so as to all. Hall v. Williams, 6 Pickering, 232. The defendant in error must have execution against both or neither of the parties.

5. The declaration and *sci. fa.* are both defective, because they do not aver that the plaintiff in the judgment had had no execution on the judgment—such averment is necessary. The averment that the judgment had not been paid, is not enough. The plaintiff in the judgment may have had execution against the bodies of the defendants in the judgment, and they may have been actually taken in execution, &c. Again, it does not appear that the plaintiff in the judgment might not have execution without *sci. fa.* 1 Littell, 164.

6. The *sci. fa.* and declaration are bad, because they do not show that execution might not issue without revivor. They should show that a revivor is necessary. Dig. 206, §§ 28, 29; Dozier v. Gore, 1 Littell's Rep. 164; Gill v. Scrivens, 7 Term Rep. 27.

Miller et als. v. Shackelford.

ORMOND and MOODY, for the defendant:

This is not a new suit, but a *scire facias* to have execution of a judgment. Upon a recognisance, a *scire facias* is an original proceeding; but upon a judgment, it is only a continuation of the former suit. Tidd's Pr. 983; 7 Vermont Rep. 54; Pirtle's Dig. 370. A *scire facias*, to revive a judgment, is only a continuation of the former suit, and is not an original proceeding. 4 Hammond's (Ohio) Rep. 398. The law presumes the judgment is in some way arranged in a year, and will not suffer an execution to go. A *scire facias* is issued for the debtor to show cause why execution should not issue; and if no cause is shown, judgment passes that the plaintiff have execution *on the former judgment.* When brought to revive a judgment, after a year and a day, it is but a continuation of the original action. 7 Vermont Rep. 53-4; 3 U. S. Dig. 387; 2 Arch. Pr. 76. The judgment in this case is not that "the plaintiff recover, &c.," but that he "have execution of the judgment."

A court will not hear a party contradict its own record— the record is conclusive. A plea contradicting the record, or denying the validity of a judgment, admitting it to exist, is bad on its face, and may be stricken out, or demurred to. The *sci. fa.* called on the defendants, not to contest the validity of the judgment, but to show cause why it may not be executed, as that it has been paid, or otherwise arranged. But the pleas alleging that John Miller was not served with process, assail the judgment, and avowedly on their face contradict the record. They cannot be entertained at all. If a party has not been served with process, or the writ has been served on another of the same name, he is not without remedy. Givins v. Tidmore, 8 Ala. Rep. 745.

No one of the four *sci. fas.* in this case was executed on John Miller—all being returned, as to him, "not found." But he voluntarily comes into court, and attempts to prevent the execution of the judgment, alleging that the original writ was not served on him. If it be true that the writ was not executed on him, then plaintiff has no judgment against him; let him stand aside; he has no right to interfere between the plaintiff and the real defendants in the judgment, who were served with process, and appeared and defended the suit. It will be

time enough for him to speak, when an attempt is made to levy on his property, or to sue him in Mississippi, where he now resides.

As to the pretended agreement, *that* is dated in 1826. The judgment was rendered in 1827; it is conclusive upon all pre-existing matters of defence. In *no case*, nor under any circumstances, can the merits of the original judgment be inquired into for the purpose of furnishing a defence to a *scire facias*. In this proceeding, the defendant must deny the original judgment altogether, or show it has been satisfied since it was rendered; for down to that point of time, it is conclusive. 5 Serg. and Rawle, 68-9; 8 Johnson's R. 61: 1 Binney's R. 291; 1 Cro. Eliz. 588; Pirtle's Dig. 370.

CHILTON, J.—This was a proceeding by *scire facias* to revive a judgment rendered in the Circuit Court of Tuskaloosa county, in March 1827, against the plaintiffs in error. Neither the *sci. fa.* nor declaration filed thereon set forth any reason why the aid of the court is invoked, but merely state the amount and date of the judgment, and that it is in full force and unpaid. The defendants appeared, and said John Miller pleaded separately, as well as jointly with said George, the following pleas, to which demurrers were sustained, viz: 1. That the plaintiff ought not to have execution upon his judgment, because, before the commencement of the action on which the judgment was rendered, and from thence until after the rendition of said judgment, he was a resident and citizen of the State of South Carolina, and not of the State of Alabama, and that no process whatsoever was served on him in said action, either upon his person or his property, nor did this court acquire jurisdiction of said defendant in said action by attachment, garnishment, or in any other manner whatsoever; that he did not appear in said action, or defend, either by himself or his counsel, and so he says, the judgment as to him is null and void. 2. The second plea alleges that the plaintiff, anterior to the judgment now sought to be revived, agreed under seal to release and discharge the defendant from the debt, in consideration that he would assign over to plaintiff notes and accounts equal in amount to one half of said demand, with which agreement the defendant complied, &c. Upon

the other pleas of payment and the statute of limitations, issues were joined, and a judgment was rendered for the plaintiff below.

The pleas in this case we regard as manifestly bad. The first calls upon the court to re-examine its own judgment rendered some twenty years previously, and to ascertain whether the record does not falsely certify that the defendant was before the court. Where a year and a day have elapsed after judgment, without the issuance of execution, the law presumes that the judgment has been executed, or that the plaintiff has released the execution; hence the party is required, before he can proceed on his judgment, to revive by *scire facias*. Clay's Dig. 207, § 29. Under the statute of Westminster 2, (13 Edw. 1,) c. 45, authorising a similar revival of judgments, where no execution had issued within a year and a day, the proceeding by *scire facias quare executionem non*, is regarded as interlocutory, and in the nature of process, being but a continuation of the original proceedings in the cause, (2 Archb. Pr. 76); and it is a rule of very general, if not of universal application, that the defendant can plead no matter to the *scire facias* which he could have pleaded in the original action. 2 Tidd's Pr. 1130; Cro. Eliz. 283; 1 Salk. 2; 2 Stra. 1043; McFarlain v. Irwin, 8 Johns. R. 77. In such case, the party may plead *nul tiel record*, payment, release, or that the judgment has been levied on a *fieri facias*, or that his lands have been extended upon an *elegit*. He is not permitted, however, to gainsay the judgment, even though it was confessed on warrant of attorney, which was without consideration. See McFarlain v. Irwin, *supra*, and cases there cited; also, Greene v. Onington, 16 Johns. Rep. 55; Griswald v. Stewart, 4 Cow. Rep. 457; Hatch v. Eustis, 1 Gallis. C. C. Rep. 160.

If the sheriff has made a false return upon the process in the original cause, he is liable in damages for the injury; and if, under such circumstances, an iniquitous judgment is attempted to be enforced, a court of equity would afford the defendant effectual relief. Givens v. Tidmore, 8 Ala. Rep. 745, and cases there cited.

But although the pleas demurred to were evidently bad, yet upon the principle that the demurrer reaches back to the faulty pleading of the party demurring, the *sci. fa.* in our opinion was-

defective, and must fall with them. The plaintiff, to entitle himself to the writ, must bring himself within the provisions of the statute authorising its issuance. The *sci. fa.* should set forth the grounds upon which it seeks the aid of the court; it is not every unsatisfied judgment which may be made the foundation for such writ, but it is only lawful, in the language of the statute, for the plaintiff to have said writ when no execution shall have issued on the judgment within a year and a day after its rendition. Dig. 207, § 29. *Non liquet,* but the court is called upon to do an useless thing—to order and adjudge that the plaintiff have execution of his judgment upon the *sci. fa.* when he has the full benefit of execution without it. That a party would not be likely to resort to such writ unnecessarily, is no answer to the general rule of law, that every party, who petitions the court to become active in his behalf, must show, *prima facie* at least, that he is entitled to the relief which he seeks, or some relief consistent with his pleadings. As to requisites of *scire facias,* see 2 Ohio Rep. 248; 5 Halst. Rep. 337; 2 Kinney's Comp. 559. The *scire facias* and declaration being fatally defective in failing to set out or allege the existence of any ground which would authorise the writ to issue, the judgment must be reversed. See Gill v. Scrivens, 7 T. R. 30; Dozier v. Gore, 1 Litt. Rep. 164; as to forms of the writ, see Tidd's Forms, 449, §§ 31–39; 2 Harris' Ent. 460, § 132. Let the cause be remanded, that the plaintiff below have leave to amend, if the record shows he has had no execution of the judgment. Patrick v. Wood, 3 Bibb, 232; 2 Taylor, 146.