## BARRON, Adm'r, vs. TART.

1. A *scire facias* to revive a judgment, as to costs, against an administrator, the damages having been paid, is sufficient if it substantially describes the judgment, although it does not state the amount of the costs.

Error to the County Court of Perry.

Hugh Davis, for plaintiff in error.

A. B. Moore, *contra:*

There was no error in overruling the demurrer of defendant to plaintiff's *sci. fa.*, as it contains every thing necessary to be set out in a declaration.—See Harris' Entries, 465—see *sci. fa.*

The plaintiff below had the same right to recover his costs that he had to recover his debt. If this be true, then he had as much right to revive as to the costs, as to the debt itself; otherwise the executor or administrator might pay off a judgment before a revivor, for the purpose of avoiding the payment of the costs, and thus defeat the plaintiff's judgment for his costs.

A *sci. fa.* to revive a judgment against an executor is but a continuance of the former suit.—See 2 Dunl. Prac. 1107.

The judgment in the former suit being set out "*in hæc verba*" in the *sci. fa.*—the death of the defendant since the rendition of said judgment, and the fact that John Barron is the administrator of said deceased, being clearly and distinctly stated, is all that can be required in such a proceeding. The judgment is in proper form. The amount of costs in the former judgment need not be inserted in the entry reviving said judgment.—See form of such a judgment, 2 Lilly's Ent. 397-8; 2 Har. Ent. 363.

But if the judgment was incomplete because the amount of costs of the former judgment was not inserted, it is not an error of the court, but a mere clerical error, which might be amended at any subsequent term of the court; and not being an error of the court, this court will not revise it.—See Clay's Dig. 322, § 54—see Wilkerson v. Goldthwait, 1 Port. 167.

PARSONS, J.—The *sci. fa.* required the plaintiff in error to appear and show cause why the judgment against his intestate should not be revived, as to the costs, against him as administrator, &c., the damages having been paid—and the court awarded execution for the costs in the usual form against an administrator. As the *sci. fa.* stated all the matters of substance, there was no error in overruling the demurrer. The *sci. fa.* did not state the amount of the costs, but the judgment was otherwise substantially described, which was sufficient. The *sci. fa.* was but a continuation of the former suit, and the execution awarded can only issue for the costs that were recovered, the amount of which is never, in our practice, stated in the judgment, but they are taxed by the clerk, and if he should commit an error, the remedy is easy. The judgment is affirmed.