## HANSON *vs.* JACKS ET UX.

1. A *scire facias* to revive a judgment on which no execution issued in a year and a day, may be regarded as a suit on the judgment, so far as the plaintiff's right to discontinue as to parties not served is concerned.

2. On *scire facias* to revive a joint judgment against two executors, if one of them is a non-resident, his name may be omitted out of the writ; or, if he is in. cluded in the writ, and not served with process, the plaintiff may enter a discontinuance as to him, and proceed to judgment against the other.

3. Costs may be awarded against an executor, when a judgment against him is revived by *scire facias*.

ERROR to the Court of Probate of Chambers.

This case arose on a *scire facias*. It appears that the plaintiff in error, with one Thomas C. Hanson, sued out letters testamentary on the estate of William Hanson, deceased. A final settlement of said estate was had in 1844, when a decree in favor of the defendants in ·error was made for $338 $\frac{78}{100}$. No *fi. fa.* was ever issued on this decree ; and in August, 1850, Jacks and wife sued out a writ of *scire facias* against both the executors, to revive the judgment, and have execution upon it. This writ was returned " made known " as to George W. Hanson, but the return is wholly silent as to Thomas C. Hanson. On the hearing on the *sci. fa.* in the court below, the defendants in error discontinued their suit as to Thomas C. Hanson, to whom the writ had not been made known, on the proof that he did not reside in this State, and proceeded against George W. Hanson alone, who objected, and moved the court to dismiss the *sci. fa.*, on the ground that as it was discontinued as to Thomas C. Hanson, it amounted to a discontinuance as to both defendants. This motion was overruled, and Hanson excepted.

The defendant then moved the court to dismiss the *sci. fa.* for want of a declaration; which motion was also overruled, and he excepted. The court then proceeded to revive the judgment against George W. Hanson alone, and to award execution for the amount of the judgment, and cost of suit.

It is here assigned for error, 1st. That the court erred in trying·the case on *scire facias*, without service of the writ on

Thomas C. Hanson ; 2d. That the court erred in not dismiss-ing the *sci. fa.* after the discontinuance as to T. C. Hanson ; 3d. In the judgment rendered.

There are several other assignments of error, but they are all included in those here set out.

RICHARDS & FALKNER, for plaintiffs in error.

RICE & BROCK, *contra.*

LIGON, J.—A writ of *scire facias* to revive a judgment at law, on which execution has not issued in a year and a day, may be regarded as a suit upon the judgment ; and so far as the plaintiff's right to discontinue as to parties not served, is concerned, the rule would be the same in both cases. Toul-min v. Bennett, 3 S. & P. 220 ; Sartin & Rodgers v. Weir &c., ib. 421. It is true, the *scire facias*, in the latter case cited, in which a discontinuance was held regular, was issued on a replevy bond, and not on a judgment ; but we apprehend this can make no difference, as the right to discontinue in any case, after the issue and return of process into court, depends upon the statute, (Clay's Dig. 323 § 62,) the provisions of which extend to suits on judgments which are joint, as well as to bonds, covenants, &c.

But it is insisted, that, inasmuch as the defendants in this judgment are joint executors, a different rule must govern ; and that in such case, a discontinuance as to one, is a discon-tinuance as to both. This would be the case, if both the executors were residents of the State, and within the juris-diction of the court ; for the general rule is, that executors and administrators, where there are several who have quali-fied as such, constitute but one person, and must, in general, be sued in one writ. When, however, one of them is out of the jurisdiction of the court, and not amenable to its process, he may be omitted out of the writ, or if included in that, and he is not served, a discontinuance may be entered as to him in the declaration, or on the record, and the plaintiff may proceed to judgment against the others. English & English v. Brown, 9 Ala. Rep. 504; Williams & Ivey, Ex'rs, v. Sims et al., 9 Por. 579; Owen v. Brown, 2 Ala. Rep. 127.

In the case under consideration, the record shows, that

Thomas C. Hanson was a non-resident of this State; that the *scire facias*, as to him, was not made known; and that the plaintiffs had caused a discontinuance to be entered of record, before they proceeded to judgment against his co-executor. There is, therefore, no error in allowing the discontinuance as to Thomas C. Hanson, and proceeding to judgment against George W. Hanson.

The error supposed to be found in the judgment itself, because costs are given against the defendant in the *sci. fa.*, we do not regard as such. Costs, in suits at law, are, by our statute, required to be given against the unsuccessful party, and we are not aware that the court has any power to dispose of them otherwise. Nor are we apprized of any law or practice in this State, which exempts suits by *scire facias* from the general law regulating costs.

There is no error in the record, and the judgment must be affirmed.