## BAKER, FRY & CO. *vs.* INGERSOLL.

[SCIRE FACIAS ON JUDGMENT.]

| | |
|---|---|
| 37 | 503 |
| 98 | 502 |

1. *Parties to sci. fa.*—On the death of the nominal plaintiff in a judgment, a *scire facias* to revive it must be prosecuted in the name of his personal representative, and cannot properly be issued in the name of the beneficial plaintiff alone, nor in the name of the deceased nominal plaintiff.

APPEAL from the Circuit Court of Russell.
Tried before the Hon. NAT. COOK.

IN this case, Allen Matthews, suing for the use of Baker, Fry & Co., recovered a judgment against Stephen M. Ingersoll, in the circuit court of Russell, on the 14th October, 1839. Executions were issued on this judgment on the 29th November, 1839, and on the 15th January, 1841; and on the 26th February, 1857, a *scire facias* to revive it was sued out in the name of said Matthews. By consent of parties, the *scire facias* was allowed to stand in lieu of a declaration. The defendant pleaded, among other things, that Allen Matthews, the nominal plaintiff, was dead when the *scire facias* was sued out; to which plea the plaintiffs demurred. The court overruled the demurrer, and charged the jury, that, if said Matthews was dead when the *scire facias* was sued out, they must find for the defendant. The plaintiffs excepted to these rulings of the court, and they now assign the same as error.

D. CLOPTON, with CHILTON & YANCEY, for appellants, cited the following authorities: 2 Tidd's Pr. 1095; *Bates v. Terrell*, 7 Ala. 129; *Miller v. Shackleford*, 16 Ala. 98; *Stewart v. Cunningham*, 22 Ala. 628; *Smith v. Harrison*, 33 Ala. 709.

GEO. D. HOOPER, contra, cited *Jelks v. Edwards*, 6 Ala.

143; *Tait v. Frow*, 8 Ala. 543; *Gray v. Turner*, 8 Ala. 30; *Duncan v. Hargrove*, 22 Ala. 160; 4 Com. Digest, 239; 1 Rolle's Abr. 900.

R. W. WALKER, J.—The *scire facias*, following in this respect the original judgment, was sued out in the name of Allen Matthews, for the use of Baker, Fry & Co. Matthews, the nominal plaintiff, died after the rendition of the original judgment, and before the issuance of the *scire facias;* and the question now presented is, whether this fact is a bar to the proceeding, or whether, on the suggestion of the death of the nominal plaintiff, the *scire facias* could proceed in the name of the beneficiaries.

The Code provides, that, " when suit is brought for the use of another, the death of the nominal plaintiff does not abate the suit, but it proceeds in the name of the beneficiary."—Code, § 2147. This statute renders unnecessary the revival of the action, where the nominal plaintiff dies during its pendency ; but, where the person who has the legal interest in the cause of action dies, there is nothing in this law which authorizes the subsequent institution of a suit in the name of such person, for the use of the party having the beneficial interest. Such a case is unaffected by statute in this State, and the personal representative must, as at common law, be the actor of record. And where suit is brought in the name of one person, for the use of another, the defendant may plead, either in bar or abatement, that the nominal plaintiff was dead at the commencement of the suit.—*Jelks v. Edwards*, 6 Ala. 143; *Tait v. Frow*, 8 Ala. 543.

A *scire facias* on a judgment is sometimes, for some purposes, regarded, not as a new action, but as a mere continuation of the original suit. Thus, it must issue out of the court in which the judgment was rendered ; matter which might have been pleaded in defense of the original action, cannot be pleaded in defense of the *scire facias;* and no new judgment for debt or damages can be rendered on the *scire facias*, but the old one is simply called into action by

a judgment that the plaintiff have execution.—*Murray v. Baker*, 5 B. Mon. 572 ; *Norton v. Beaver*, 5 Ohio, 178. In other respects, however, the proceeding by *scire facias* must be regarded as a new suit. Thus, the defendant may plead to it matters subsequent to the rendition of the judgment sought to be revived ; and as respects the parties to the proceeding, it is in the nature of an action upon the judgment, and governed by the rules applicable to ordinary suits upon judgments. Consequently, a *scire facias* can only be maintained in the name of him who has the legal title to the judgment ; that is, in the name of the original plaintiff, or, after his death, of his personal representative.— See *Duncan v. Hargrove*, 22 Ala. 160 ; *Hanson v. Jacks, ib.* 550 ; *Pickett v. Pickett*, 1 How. Miss. 267 ; *McAfee v. Patterson*, 2 Sm. & M. 595 ; *Gonnigal v. Smith*, 6 Johns. 106 ; *Crary v. Turner, ib.* 53 (note a) ; *Forbes v. Tiffany*, 4 Inda. 204 ; *Ensworth v. Davenport*, 9 Conn. 390 ; *Smith v. Harrison*, 33 Ala. 709. It follows, that on the death of the nominal plaintiff in a judgment, a *scire facias quare executionem non* must, like an original suit on the judgment, be conducted in the name of his personal representative, and cannot properly be issued, either in the name of the original parties to the judgment, or of the benificiary alone.

Judgment affirmed.