# Lowry's Administrator *v.* Newsom & Wife.

*Scire Facias to revive Probate Decree.*

1. *Specification of grounds of demurrer.* — On demurrer to a *scire facias*, the court can only consider the defects specifically assigned as causes of demurrer; and in the appellate court, on error, the inquiry is limited to the same defects.

2. *Amendment of scire facias.* — A *scire facias*, or citation, to revive a probate decree on which no execution was issued within one year after its rendition, whether regarded as process or as pleading, is within the statute authorizing amendments.

3. *Defective process; how taken advantage of.* — A defect in process, whether in the mode of suing it out, or in its return day, is matter for a plea in abatement, and not available on demurrer.

4. *Form of decree against administrator on settlement.* — On final settlement of an administrator's accounts in the probate court, if it appears that the assets in his hands consist partly of gold, and partly of currency, it is proper to render a decree against him, in favor of each distributee, for his share of each kind of money, distinguishing between them.

APPEAL from the Probate Court of Perry.

In the matter of the estate of William Lowry, on the petition of James T. Newsom and wife, distributees, for a *scire facias* to revive a decree rendered against the administrator, Isaiah Lowry, on final settlement of his accounts in said probate court. The *scire facias*, or citation, was issued on the 13th

March, 1873, and was in these words, omitting the caption: " You are hereby commanded to summon Isaiah Lowry, to appear in and before the probate court to be held for Perry county, at the court-house in the town of Marion, on the 28th day of April, 1873, then and there to show cause why a decree, rendered on the 23d day of February, 1872, in and by, and now pending in said court, against him as the administrator of the estate of William Lowry, deceased, and in favor of James T. Newsom and his wife, Parmelia Newsom, for the sum of $52.66 in gold, and the further sum of $1,340.20 in currency, should not be revived against him ; and this you shall in no wise omit, under the penalties prescribed by law," &c. The defendant appeared, and demurred to the *scire facias*, assigning the following causes of demurrer: " 1. Because the plaintiffs do not, by the terms of said *scire facias*, call on the defendants to show cause why they should not have execution on their decree. 2. Because said *scire facias* is not made returnable to a regular term of said probate court. 3. Because it does not sufficiently set forth the decree sought to be revived. 4. Because it is not made returnable within such time as the law requires." The court overruled the demurrer, and then allowed the plaintiffs to amend the *scire facias*, by adding the following words: " and to show cause why the plaintiffs should not have execution on their judgment or decree ; " to the allowance of which amendment the defendant excepted. The defendant then demurred to the amended *scire facias* " because it does not set out such a decree as can be revived." The court overruled this demurrer also, and rendered a decree reviving the former decree. From this decree the defendant below appeals, and here assigns it as error, together with the overruling of his demurrer to the *scire facias*, and the allowance of the amendment.

W. B. MODAWELL, with BAILEY & LOCKETT, for appellant.

JOHN T. VARY, with JOHN C. READ, *contra.*

BRICKELL, J. — The statute authorizes the revival by *scire facias* of a decree of the court of probate, on which an execution has not been sued out within one year after its rendition. R. C. § 2830. The process issued in this case was intended as a *scire facias* under this statute, but it is very defective, and subject to demurrer on several grounds. Our inquiry is, however, limited to the causes of demurrer specially assigned. If these are not well taken, other defects, however apparent, cannot avail the appellant.

The first cause of demurrer assigned is, that by the terms of

said *scire facias* the defendant is not called on to show cause why the plaintiffs should not have execution on their decree. This objection was met and cured by an amendment in the court of probate.   To the allowance of the amendment the appellant reserved an exception.   A *scire facias* may, at the election of the party suing it out, serve as process and pleading; or he may treat it as process only, and declare upon it, as on other process.   *Toulmin* v. *Bennett*, 3 Stew. & Port. 220. Whether regarded as process or pleading, it is within the statute of amendments.   *Sartin* v. *Weir*, 3 Stew. & Port. 421; *Miller* v. *Shackelford*, 16 Ala. 95.

The second ground of demurrer is, that the *scire facias* was not made returnable to a regular term of the court of probate. If it could be conceded that the *scire facias* is in this respect objectionable, the defect is not matter of demurrer.   A defect in process, either in the mode of suing it out, or in its return day, is the subject of a plea in abatement.   A demurrer·presents only defects in pleading.   The fourth ground of demurrer, if it could be regarded as disclosing any valid objection to the *scire facias*, presents only a defect in it as process, and not as pleading, and was, for the reason we have stated, if no other, properly overruled.

The *scire facias* is not at all uncertain in its description of the decree sought to be revived.   The court in which the decree was rendered, the day ·of ·its rendition, the accounts thereby adjudged, and the party in whose favor, and against whom it is rendered, are averred.   This is certainly all that is requisite to enable the court to pronounce judgment of revivor.

The last ground of demurrer was properly overruled.   If the judgment sought to be revived was improperly rendered, partly for gold, and partly for currency, the defect would be merely matter of error, or irregularity, affecting its validity only in a direct proceeding for its reversal.   But, in this case, the decree was properly rendered, partly for gold, and partly for currency.   It was rendered on the final settlement of the accounts and vouchers of appellant as the administrator of William Lowry, deceased.   On that settlement, it was ascertained that he had, of assets, a certain sum in gold, and a certain sum in currency, distributable to the widow and next of kin of his intestate.   No other decree than one distinguishing between, and distributing these sums separately, would have met the justice of the case.   A decree against him for an aggregate sum in dollars, which he could have paid in legal tender currency, would have enabled him to make a profit from the assets, to which he was not in morals or law entitled.   The assets in his hands belonged to the distributees, and were properly decreed to them *in specie*.        The judgment is affirmed.