# Marx *v.* Sanders.

*Suit on Judgment Rendered in Justice's Court.*

1. *Suit on justice's judgment barred in six years.*—The revival of a judgment rendered in a Justice's Court by *scire facias* under § 3364, does not intercept the running of the statute of limitations against suits on such judgments, as provided under sub-division 9 of § 2615 of the Code of Alabama.

APPEAL from Mobile Circuit Court.

Tried before the Hon. WM. E. CLARKE.

This was a suit by the appellee, Wm. A. Sanders, brought on a judgment recovered by him before Edwin Fordy, a Justice of the Peace of Mobile county, against the appellant, Leopold Marx, on the 7th of June, 1884. Sanders revived this judgment by statutory *scire facias*, on the 21st of June, 1886. The present suit was brought on the 9th of May, 1892. The defense of the statute of limitations of six years was pleaded, and it was agreed between the parties that the court should determine the cause without a jury. The judgment of the court was that the plaintiff was entitled to recover. From that judgment this appeal is taken.

[Marx v. Sanders.]

B. B. BOONE, for appellant, submitted that:  1. The judg-
ment of the justice was barred under sub-division 9 of
§ 2615 of the Code, suit not having been brought thereon in
six years.  2.  The revival of the judgment by *scire facias*
did not make it a new judgment, but only revived the dor-
mant judgment of June 7, 1884.—Code, § 3364; *Irwin v.
Nixon*, 51 Am. Dec. 562; *Draper v. Nixon*, 93 Ala. 436.  3.
The revival of the judgment did not constitute a new action,
but was merely a continuation of the old one.— *Carter v.
Carriger*, 3 Yerger, 411; *Adams v. Rose*, 11 Maine, 89; 16
Gray (Mass.) 111; 104 Mass. 373.  4.  As conclusive that it
is not a new judgment, it is held that a satisfaction of the
original judgment is a satisfation of the *scire facics.—Eldred
v. Hazlelt*, 38 Penn. State Rep. 16.

STEWART BROOKS, for appellee.—1. The right of reviving
by *scire facias* a judgment on which no execution had issued
within a year and a day, was granted by 13 Edw. 1; 3 Ala.
223; 95 Penn. St. 85; 3 Barb. 192.  2. The authority given
by our statute (§ 3364) is the same as that given by the
English statute, except that the year and a day has been
shortened to six months.  The principle of this case being
the same as in courts of general jurisdiction, the construc-
tion should be in the light of the general authorities on
*scire facias.—Elliott v. Mayfield*, 3 Ala. 223; *Conyngham v.
Walter*, 95 Penn. St. 85; *Shelley v. Graves*, 29 Ala. 385; Clay's
Dig. 207, § 29.  3. Upon principle, a judgment upon *scire
facias* would seem to fall within the statute.  On the trial of
the *scire facias*, the question before the court is whether the
debt, the existence of which was established by the rendi-
tion of the original judgment, is still due.  The defendant
can plead any defense, as payment, or *nun tiel record*, arising
subsequent to the original judgment.  A judgment for the
plaintiff on the *scire facias*, then, is a judgment after trial,
and a *judicial ascertainment* of the fact that the *demand is
still due*, accompanied by an order that execution issued for
its collection—the very characteristics of a judgment upon
an action begun by summons and complaint.—Black on
Judgments, 589; *Duncan v. Hargrove*, 22 Ala. 150.  4. This
view is favored by the *spirit* of the statute, its object being
rather to discourage stale demands than to destroy a claim,
the validity of which has been recently re-established by
the solemnity of a judicial proceeding.—Cooley on Con.
Lim., 5 ed., p. 448; Am. & Eng. Enc. Law, 692.

WALKER, J.—The first count of the complaint having
been withdrawn, the only cause of action relied on was the

one stated in the second count. The appellee now contends that that count is upon the judgment rendered by the justice of the peace on the *scire facias*, and not upon the original judgment. Construing the pleading most strongly against the pleader, it must be concluded that the plaintiff's alleged right to recover is predicated upon the original judgment. The amount sued for is claimed as "due by judgment . . . . rendered on June 7th, 1884." That was the original judgment. The clause immediately following the particular description of that judgment, and forming a part of the same sentence, "and revived and rendered against the defendant in favor of the plaintiff in the said court by the said justice of the peace, on June 21st, 1886" —merely amounts to an allegation that the judgment sued on had been revived. The intention is not disclosed to rest the right to recover on the order made by the justice of the peace on the application to revive the original judgment.

The result would not be different if the suit is regarded as one on the judgment as revived. The following is the provision of the statute on the subject of the revival of the judgments obtained before justices of the peace, when the time has elapsed within which executions thereon may issue: "When execution has not been thus sued out, no execution can issue until the defendant is notified to appear at a time and place designated by the justice, and show cause why the plaintiff should not have execution of his judgment; but no judgment can be revived after the lapse of five years from the rendition thereof, or from the issue of the last execution thereon." The purpose of the proceeding there provided for is merely to continue a former suit to execution. No new judgment for debt or damages can be rendered on the *scire facias*, but the old one is simply called into action by a judgment that the plaintiff have execution.—*Baker v. Ingersoll*, 37 Ala. 503. The object of the proceeding is not to obtain a new judgment for a debt, but to enable the judgment creditor to enforce by execution the judgment he has already obtained.—*Frierson v. Harris' Heirs*, 94 Amer. Dec. 222, note. The fact that a legal duty or liability exists in favor of the plaintiff against the defendant was determined by the original judgment. Before the plaintiff is afforded another opportunity to enforce that already determined duty or liability by execution, the defendant is afforded an opportunity to show that it has been discharged by release or otherwise.—*Shelley v. Graves*, 29 Ala. 385. The order to revive does no more than reinvest the plaintiff with the right to have execution of his original judgment. His cause of

[Lavretta v. Holcombe.]

action against the defendant is the original judgment, not the order to revive. The order merely confers upon the plaintiff the statutory right to issue executions on the judgment after it had become dormant for that purpose. The common law right to sue on the judgment is not enlarged or made to accrue anew by force of the order.

This court has recently decided that the date of the accrual of the common law cause of action on the judgment is not postponed by the issue of executions under the statute. *Field v. Sims*, 96 Ala. 540. It is plain that a new lease of life is not given to that cause of action by merely affording to the plaintiff the opportunity of resorting to the cumulative and independent remedy for the enforcement of the judgment by means of executions upon it.

As the plaintiff's right to maintain the suit must be rested upon the original judgment, and not upon the order to revive, and as nearly eight years had elapsed from the date of the entry of that judgment, the suit was barred by the statute of limitations of six years.—Code, § 2615; *Field v. Sims, supra.*

Reversed and remanded.