# Drennan *v*. Dunn.

*Assumpsit.*

(Decided April 14, 1910.　52 South. 313.)

*Abatement and Revival; Pending Action; Identity; Scire Facias; Suit on Judgment.*—Although scire facias to revise a judgment is like a suit on a judgment in respect to parties and in that it must be defended, the judgment in a suit on a judgment is for the debt and damages, while that on the scire facias is that plaintiff have execution; therefore, until the judgment debt is satisfied, scire facias may be prosecuted at the same time as an action on the judgment, and the pendency of a scire facias will not abate a suit on the judgment.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by D. M. Drennen against Evans J. Dunn. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The plaintiff, as a surviving partner, sought to recover judgment upon a judgment rendered on the 5th day of May, 1890, which judgment is set out in the complaint. The defendant said that the cause should abate, for that, before the filing of this suit, the plaintiff in this cause, with others, filed a suit in the city court of Birmingham against defendant and others, seeking to recover for the same cause of action sued on in this cause, and that said cause is still pending. The evidence showed that there was filed in the city court of Birmingham on June 25, 1907, by D. M. Drennen, who is the plaintiff in the above cause, and the executor of the will of William Drennen, against Evans J. Dunn, who is defendant in this suit, a motion to revive the judgment sued on in this cause, and that said motion is still pending for trial on the jury docket of said city court of Birmingham, upon which the court sustained the plea in abatement.

STALLINGS & DRENNEN, for appellant. The court erred in overruling the demurrer to the plea in abatement.—1 Cyc. 32; 1 Ency. P. & P. 758; *Foster v. Napier,* 73 Ala. 595; *Meyer v. Johnson,* 53 Ala. 237; *Davis v. Petrinovich,* 112 Ala. 654. The court erred in holding that the evidence introduced on the trial of the plea was sufficient to prove the plea.—Authorities supra, and *Fields v. Sims,* 96 Ala. 540; *Baker v. Ingersoll,* 37 Ala. 503; 19 Ala. 198; 18 Ala. 519; 92 Fed. 313; 61 Md. 426. On the authorities above set forth, the court erred in rendering judgment on the plea in abatement.

BOWMAN, HARSH & BEDDOW, for appellee.—No brief came to the Reporter.

SAYRE, J.—To an action of debt on a judgment the trial court sustained a plea in abatement setting up the pendency of a scire facias to revive the judgment sued on, or, to speak more in accordance with the record, the court sustained a plea of a pending suit upon proof of a pending scire facias. This was error. It has been held that for some purposes a writ of scire facias to revive a judgment may be regarded as a suit upon the judgment.—*Hanson v. Jacks,* 22 Ala. 549. Certainly it calls for a defense, and the defendant may plead matters subsequent to the rendition of the judgment. And so in respect to parties it is in the nature of an action upon the judgment.—*Baker v. Ingersoll,* 37 Ala. 503. The judgment at the end of the suit on the judgment is for debt and damages; on the scire facias, that the plaintiff have execution. Id. It has long been held that the writ of scire facias is not a substitute for the action of debt upon the judgment, but is an independent, concurrent remedy, and until the debt evidenced by the judgment has been satisfied the plaintiff may

[Drennan v. Dunn.]

prosecute his action of debt and his proceeding by scire facias at the same time, and the pendency of one is no defense against the other.—*Carter v. Coleman,* 34 N. C. 274; *Lambson v. Moffett,* 61 Md. 426; *Lafayette County v. Wonderly,* 92 Fed. 313, 34 C. C. A. 360; 1 Black, Judg. § 482a.

In *Field v. Sims,* 96 Ala. 540, 11 South. 763, there was suit upon a judgment rendered by a justice of the peace. To a plea of the statute of limitations of six years the plaintiff replied that executions had been issued at regular intervals. The court said: "So long as the judgment remains unsatisfied, the common-law right to sue thereon is not suspended by the plaintiff seeking the benefit of a concurrent remedy given him by the statute for the enforcement of the judgment by means of an execution." In *Kingsland v. Forrest,* 18 Ala. 519, 52 Am. Dec. 232, a similar question has been decided. It was there said: "The remedy given by the statute (the remedy by execution within 10 years without scire facias) is cumulative merely, and a plaintiff may, if his judgment be not satisfied, sue in debt upon it, although he could, under the statute issue an alias execution." It is clear that the plaintiff in judgment may resort at the same time to execution and his action of debt on the judgment. There seems to be no reason why he may not as well have his remedy by a rule to show cause why execution should not issue and his action of debt concurrently. No reason has been assigned to the contrary, and, upon consideration of the cases cited from other courts and the expressions quoted from our own adjudications, we so hold.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.