(78 South. 832)

LONG v. CLARK et al.    (3 Div. 346.)

(Supreme Court of Alabama.    May 9, 1918.)

1. PROCESS ⊘⇒86 — SERVICE BY MAIL — NON-RESIDENTS.

Acts 1915, p. 604, as to service of notice of suit upon nonresidents by registered mail, does not authorize a suit upon a moneyed demand upon such service, so as to uphold a personal judgment, the legislative purpose being merely to make more definite the notice to nonresident defendants in those cases only in which they could properly theretofore be brought within the jurisdiction of the court.

2. PROCESS ⊘⇒85—SERVICE BY MAIL—NON-RESIDENTS.

It is beyond the power of the Legislature to provide for the recovery of a personal judgment on a moneyed demand against a nonresident upon whom no personal service has been had in the state.

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

Action by J. Lee Long against John F. Clark and others. From judgment rendered, plaintiff appeals. Affirmed.

The appellees, John F. Clark and John F. Clark & Co., were, at the time of the bringing of this suit, nonresidents of the state of Alabama. John F. Clark was a member of the firm of John F. Clark & Co., a partnership whose place of business was in New Orleans, in the state of Louisiana. All the members of that firm were residents of the city of New Orleans, state of Louisiana, at the time this suit was brought. Plaintiff brought suit by summons and complaint against the defendants for the breach of a contract, as shown by the several counts of the complaint in the record, for a failure to deliver certain cotton sold by the defendants to the plaintiff. There was also a count in the complaint for money had and received. Notice of the bringing of the suit was served upon the defendants, as required by the act of the Legislature approved September 18, 1915 (Acts 1915, p. 604). The defendants, John F. Clark and John F. Clark & Co. filed pleas in abatement, appearing specially for that purpose, only setting up that they were nonresidents of the state of Alabama, residing in New Orleans, state of Louisiana, and that by reason thereof plaintiff was not entitled to bring a personal action against them by service, as required by the act above referred to, and that, by reason of that being the only service upon them, the circuit court did not have jurisdiction of the defendants. Demurrers to each of these pleas were overruled. In addition to the general replication, plaintiff filed special replications to the pleas in abatement. It was admitted in open court that the permanent residence of all defendants was in New Orleans, La., and that that was the place of business of defendants, and further that the only service had upon them was a copy of the summons and complaint forwarded by

registered mail, as directed by Acts 1915, p. 604. After the evidence was closed, and before the jury retired, the court, at the request of the defendants in writing, gave the jury the general affirmative charge. On account of this and the adverse rulings of the court on the pleadings, the plaintiff, by leave of the court, took a nonsuit with a bill of exceptions.

Powell & Hamilton, of Greenville, for appellant. Lane & Lane, of Greenville, and Dart, Kernen & Dart, of New Orleans, La., for appellees.

GARDNER, J. [1] By this proceeding appellant seeks a personal judgment on a moneyed demand against the appellees, who are nonresidents of this state, and who were only served with notice of this suit by having a copy of the summons and complaint forwarded to them by registered mail according to the provisions of Acts 1915, p. 604. It is insisted by counsel for appellant that the provisions of this act authorized such suit upon such service, so as to uphold a personal judgment on a moneyed demand, and this is the sole question presented here for review. We cannot agree to this construction of the act. In Sweeney v. Tritsch, 151 Ala. 242, 44 South. 184, it was said:

"It has been settled, since the leading decision of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, was pronounced, that a personal judgment or decree rendered in a cause against a nonresident, upon whom no personal service therein was had, is void, and, of course, unenforceable in any manner. That doctrine has been several times affirmed by this court. Exchange Bank v. Clement, 109 Ala. 270, 19 South. 814; L. & N. R. R. Co. v. Nash, 118 Ala. 477, 23 South. 825, 41 L. R. A. 331 [72 Am. St. Rep. 181]."

See, also, Jos. Joseph & Bros. Co. v. Hoffman & McNeill, 173 Ala. 568, 56 South. 216, 38 L. R. A. (N. S.) 924, Ann. Cas. 1914A, 718.

The case of Pennoyer v. Neff, supra, has not been disturbed by the subsequent decisions of that court, but, on the contrary, has been cited with approval. Roller v. Holly, 176 U. S. 398, 20 Sup. Ct. 410, 44 L. Ed. 520; Hart v. Sansom, 110 U. S. 151, 3 Sup. Ct. 586, 28 L. Ed. 101. That case was rested upon constitutional grounds.

[2] In the light of the foregoing authorities, therefore, it was beyond the power of the Legislature to provide for the recovery of a personal judgment on a moneyed demand against a nonresident upon whom no personal service was had in this state. And it will not be assumed that such power was attempted to be exercised unless the language of the act clearly so indicates. A careful reading of this act discloses to our minds a legislative purpose merely to make more definite the notice to nonresident defendants in those cases only in which they could properly theretofore be brought within the jurisdiction of the court.

---

⊘⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

We find nothing in any of the provisions of the act tending to show a purpose on the part of the Legislature to give the courts a new jurisdiction, entirely revolutionary, and, in the light of the foregoing authorities, beyond the legislative control.

We construe the act as merely providing for the better protection of nonresident defendants, who are properly made parties to litigation in this state, by requiring more specific notice, accompanied by copies of the complaint, bill, or petition, than had heretofore been provided by the statutes. Illustrations may be easily found by comparison, but we consider a further discussion unnecessary. We are therefore clearly of the opinion that the court below properly construed said act, and committed no error in the several rulings complained of.

It results that the judgment of the trial court will be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.