(89 South. 455)

**McCAMMON v. McCAMMON.** (1 Div. 180.)

(Supreme Court of Alabama. June 9, 1921.)

**1. Divorce ⬤161—Decree pro confesso held subject to vacation by chancellor.**

A decree of divorce entered pro confesso reciting, "the defendant * * * not having been personally served, this decree is subject to the provisions of sections 3170 and 3171 of the Code of Alabama of 1907, and does not become absolute except as provided by said law," was not final or conclusive, but only to become so after the expiration of 12 months, and defendant had such time within which to have his day in court, to open the decree and defend upon the merits, and on the filing of a petition by the defendant, the chancellor had the power, and it was his duty, upon sufficient cause shown, to open the decree and hear the cause upon the merits, as if no decree had been rendered.

**2. Divorce ⬤161—Court erred in not opening decree against nonresident.**

On petition by nonresident defendant in divorce case, who had not been personally served, and to whom no copy of the bill had been mailed at his true address as provided by Laws 1915, p. 604, held that averments were sufficiently supported by proof to call for an opening of the decree and a hearing upon the merits under Code 1907, §§ 3170, 3171.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill by Mariah McCammon against Carter McCammon, for divorce and alimony, in which there was decree for complainant on decree pro confesso, after which respondent filed his petition to have the decree set aside and the cause heard on its merits. From a decree denying his petition, he appeals. Reversed, rendered, and remanded.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Brown & Kohn, of Mobile, for appellant.

The court erred in denying the petition to reopen and try upon the merits. Acts 1915, p. 604; 201 Ala. 454, 78 South. 832; 63 Ala. 488; 69 Ala. 127; 108 Ala. 307, 19 South. 357; 137 Ala. 166, 33 South. 898; 73 Ala. 85.

Robert H. McConnell, of Mobile, for appellee.

There is no error shown on the part of the trial court. 137 Ala. 167, 33 South. 898; 69 Ala. 127; 2 Stew. 255; 76 Ala. 453; 112 Ala. 449, 20 South. 527; 139 Ala. 183, 35 South. 767; 51 Ala. 312.

GARDNER, J. Mariah McCammon, on May 6, 1919, filed a bill in the circuit court of Mobile county, against her husband, Carter McCammon, seeking divorce on the ground of voluntary abandonment, and also alimony as an incident thereto. The respondent was alleged to be a nonresident—his address being given as 6014 Douglass street, New Orleans. La. Publication was had, and copy thereof mailed to respondent at the above address, but it does not appear in the record or proof that a copy of the bill was mailed or forwarded as provided by Acts 1915, p. 604, which was enacted for better protection of nonresidents. Long v. Clark, 201 Ala. 454, 78 South. 832. Decree pro confesso was granted, testimony taken, and on August 22, 1919, decree of divorce was rendered, and reference ordered to fix the amount of alimony. This decree recited that—

"The defendant * * * not having been personally served, this decree is subject to the provisions of sections 3170 and 3171 of the Code of Alabama of 1907, and does not become absolute except as provided by said law."

On November 10, 1919, respondent filed a petition to have the decree set aside, and for permission to defend the suit upon the merits as provided by said section 3171, Code of 1907; and demurrer being sustained thereto, an amended petition was filed December 14, 1919. The amended petition disclosed that respondent was a nonresident of the state of Alabama at the time the bill was filed, and decree rendered, and that he was residing in the city of New Orleans, La., but the address stated in the bill was incorrect; that he received no notice of the proceedings whatever, and had no knowledge thereof until 15 days prior to the filing of the petition; that he did not abandon complainant, but, on the contrary, complainant abandoned him, and left his home in Mobile with one Pugh, with whom she has been guilty of adultery, and that she and said Pugh have returned to Mobile, and now are living in adultery at his home; that he has therefore a meritorious defense to said suit, which can be established by proof if permitted to defend upon the merits. Respondent, in support of this petition, offered the testimony of numerous witnesses tending to sustain the foregoing allegations, and testified himself in support thereof, and that he had no notice or knowledge of the pendency of the proceedings until a short time prior to the filing of the petition.

Complainant offered testimony in refutation of the charges made in the petition. Upon submission of the cause upon the petition, the court denied same, and dismissed the petition, and from this decree the appeal is prosecuted. Buford v. Ward, 108 Ala. 307, 19 South. 357.

[1] The decree of divorce rendered under these circumstances, was not final or conclusive, but only to become so after the expiration of 12 months. The statute (section 3171, Code 1907) gives such defendant this period of time, within which to have his day in court, to open the decree and defend upon the merits.

"On the filing of a petition within that period, the chancellor has the power, and it is a duty, upon sufficient cause shown, to open the decree, and hear the cause upon the merits, as if no decree had been rendered." Lehman-Durr & Co. v. Collins, 69 Ala. 127.

As said by this court in Sayre v. Elyton Land Co., 73 Ala. 85:

"The statute forms a system, intended to be entire and complete, touching the jurisdiction the court may exercise over defendants residing without the state, and in every line manifests care and solicitude to guard and protect their rights and interests."

[2] While much testimony was offered upon the hearing of the petition, a discussion thereof is unnecessary, and no occasion now presents itself for a consideration of the cause upon its merits. Suffice it to say that, in our opinion, after a careful examination of this record and due consideration of argument of counsel for appellee, the averments of the petition were sufficiently supported by the proof offered to call for favorable action thereon, and that respondent should have been permitted to have the cause reopened and a hearing upon the merits.

The decree denying the petition will be reversed, and one here rendered granting the same, setting aside the decree of divorce and decree of alimony entered subsequent thereto, and the cause will be remanded for further proceedings therein.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.