(112 So. 238)

## MOBILE DRUG CO. v. McCULLOUGH et al.
### (5 Div. 972.)

Supreme Court of Alabama.    March 24, 1927.

Rehearing Denied April 21, 1927.

I. Judgment ⬤⟿866(2) — Judgment creditor could not revive judgment by scire facias where more than 20 years had elapsed since entry, though judgment had been once revived within 20-year period; "rendition" (Code 1923, §§ 7870–7872).

Under Code 1923, §§ 7870–7872, preventing issuance of scire facias to revive judgment after lapse of 20 years from its rendition, revivor and execution could not be had on judgment recovered more than 20 years prior to time of motion, though judgment had been once revived within 20-year period; "rendition" referring to date of original entry.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rendition of Judgment.]

2. Judgment ⬤⟿872—Order to revive judgment merely gives right to execution on original judgment (Code 1923, §§ 7870–7872).

Order to revive judgment, under Code 1923, §§ 7870–7872, merely reinvests judgment creditor with right to have execution on original judgment.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Motion of the Mobile Drug Company to revive a judgment against W. L. Weaver and others, as against William McCullough and W. B. Weaver, as executors of the will of W. L. Weaver, deceased, and said other defendants in judgment. From a judgment sustaining a demurrer to the motion, plaintiff appeals. Transferred from the Court of Appeals, under Code 1923, § 7326. Affirmed.

Lawrence F. Gerald, of Clanton, for appellant.

A judgment may be revived more than 20 years from the original date of its rendition, if it has been revived, and such petition for revivor is within 20 years from the date of such revivor. Code 1923, §§ 7862–7873; 24 C. J. 666; Kratz v. Preston, 52 Mo. App. 251; Goddard v. Delaney, 181 Mo. 564, 80 S. W. 886.

Omar L. Reynolds and Grady Reynolds, both of Clanton, Gipson & Booth, of Prattville, and Rushton, Crenshaw & Rushton, of Montgomery, for appellees.

The right to have a judgment revived is barred after 20 years from the date of its rendition. Code 1923, § 7872; Field v. Sims, 96 Ala. 540, 11 So. 763; Marx v. Sanders, 98 Ala. 500, 11 So. 764; Draper v. Nixon, 93 Ala. 436, 8 So. 489; Meek v. Meek, 45 Iowa, 294.

THOMAS, J. [1, 2] The order to revive the judgment did no more than reinvest the plaintiff with the right to have execution on that original judgment.

The statutes are that the assignee of a judgment or decree may by scire facias have the same revived in his name, as provided by statute (section 7870, Code); that there is presumption of satisfaction of said original judgment or decree after the lapse of 10 years "from the rendition of same without issue of execution," etc. (section 7871, Code); that "no scire facias shall issue to revive a judgment or decree after the lapse of 20 years from its rendition" (section 7872, Code).

In Henry County Treas. v. State ex rel. Rambow, 16 Ala. App. 670, 81 So. 190, the presumption of payment after 20 years from rendition of judgment was held conclusive This is in line with the ruling of the trial court, that the right of the revivor by scire facias, under section 7872 of the Code of 1923, was barred after 20 years from date of rendition.

That is to say, the time runs from said date rather than that from date of the subsequent revivor, etc. Marx v. Sanders, 98 Ala. 500, 11 So. 764; Field v. Sims, 96 Ala. 540, 11 So. 763; Draper, Matthis & Co. v. Nixon, 93 Ala. 436, 8 So. 489. That in said case the old judgment is simply called into action by a judgment on which the plaintiff can have execution. It is a mere continuation of the original suit. Baker, Fry & Co. v. Ingersoll, 37 Ala. 503; Marx v. Sanders, supra.

On November 24, 1896, the Drug Company recovered judgment against the appellees; revivor thereof by scire facias on November 30, 1915; and on June 29, 1926, the plaintiff in judgment filed a motion in the circuit court for second revivor and execution on the original judgment. The demurrers of the appellees presented the point that, under section 7872 of the Code, no scire facias shall issue to revive judgment after 20 years from the date of its original rendition, and the court sustained the demurrer. That judgment was pursuant to the statute and is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.