(124 So. 305)

## QUILL v. CAROLINA PORTLAND CEMENT CO. (1 Div. 524.)

Supreme Court of Alabama. Oct. 24, 1929.

Pillans, Cowley & Gresham, of Mobile, for appellant.

Gaillard, Mahorner & Gaillard, of Mobile, for appellee.

THOMAS, J. The appellee brought suit in the Law and Equity Court of Mobile, now merged into the circuit court, and on *personal service* on Mr. Quill obtained a judgment.

■ Upon that judgment, under the law having application and for a period of ten years thereafter, execution may issue thereon. Thereafter, for the period of ten years, a personal judgment, as it was, was subject to be revived as provided by statute. Mobile Drug Co. v. McCullough, 215 Ala. 682, 112 So. 238.

■ The character of scire facias or the order sought was thus declared in an early decision (Miller et al. v. Shackelford, 16 Ala. 95, 99): "Where a year and a day have elapsed after judgment, without the issuance of execution, the law presumes that the judgment has been executed, or that the plaintiff has released the execution; hence the party is required, before he can proceed on his judgment, to revive by scire facias.—Clay's Dig. 207, § 29. Under the statute of Westminster 2, (13 Edw. 1,) c. 45, authorizing a similar revival of judgments, where no execution had issued within a year and a day, the proceeding by scire facias quare executionem non, is regarded as interlocutory, and in the nature of process, being but a continuation of the original proceeding in the cause, (2 Archb. Pr. 76); and it is a rule of very general, if not of universal application, that the defendant can plead no matter to the scire facias which he could have pleaded in the original action.—2 Tidd's Pr. 1130; Cro. Eliz. 283; 1 Salk. 2; 2 Stra. 1043; McFarland v. Irwin, 8 Johns. [N. Y.] 77. In such case the party may plead nul tiel record, payment, release, or that the judgment has been levied on a fieri facias, or that his lands have been extended upon an elegit. He is not permitted, however, to gainsay the judgment, even though it was confessed on warrant of attorney, which was without consideration.—See McFarland v. Irwin, supra, and cases there cited; also, Green v. Ovington, 16 Johns. [N. Y.] 55; Griswold v. Stewart, 4 Cow. 457; Hatch v. Eustis, 1 Gallis. C. C. Rep. 160."

That is, in such a proceeding a plea that seeks to go behind the judgment or defend against the original cause is subject to demurrer. Duncan, Adm'r, v. Hargrove, 22 Ala. 150; Bentancourt v. Eberlin, 71 Ala. 461.

This court has declared that after ten years and without revivor, and before expiration of the twenty-year period, such judgment would support an execution thereon and sale of lands levied upon thereunder, unless a seasonable motion to quash the execution was pressed upon the attention of the court. Leonard v. Brewer, 86 Ala. 390, 5 So. 306; Waldrop v. Friedman, 90 Ala. 157, 7 So. 510, 24 Am. St. Rep. 775, execution prematurely issued; De Loach v. Robbins, 102 Ala. 288, 14 So. 777, 48 Am. St. Rep. 46; Richards v. Steiner Bros., 166 Ala. 353, 52 So. 200.

The personal judgment against appellant in the instant case was not barred by the lapse of time, more than ten years and less than twenty, and was only subject to the enforcement as provided by section 7863 et seq. of the Code. It is provided by section 7863 that "no execution shall issue on a judgment or decree of the circuit or probate court on which an execution has not been sued out within ten years of its rendition, until the same has been revived by scire facias. If the defendant is a resident of the state, personal service must be had upon him, of the scire facias, requiring him to show cause within thirty days, why the plaintiff should not have execution. When the defendant is a nonresident, or cannot be found, service may be had in the manner provided by law for notice to nonresidents." The legislature had the right to have fixed a longer or shorter period for the issue of execution, as twenty years rather than ten; or that for the revivor. It had the right to specify other reasonable terms for the revivor of a judgment rendered on personal service. The effect of our decisions is that the form and substance of the revivor, if granted, is "that plaintiff have execution of the judgment, etc., and that the old judgment "is simply called into action." Owens v. Henry (Owens v. McCloskey), 161 U. S. 642, 16 S. Ct. 693, 40 L. Ed. 837; Baker v. Ingersoll, 37 Ala. 503; and Drennen v. Dunn, 166 Ala. 213, 215, 52 So. 313, 314, 139 Am. St. Rep. 28, which is not a suit on a judgment.

In the last-cited case, Mr. Justice Sayre makes distinction between suits on judgments and those of a scire facias to revive a judgment, as follows: "It has been held that for some purposes a writ of scire facias to revive a judgment may be regarded as a suit upon the judgment. Hanson v. Jacks, 22 Ala. 549. Certainly it calls for a defense, and the defendant may plead matters subsequent to the rendition of the judgment. And so in respect to parties it is in the nature of an action upon the judgment. Baker v. Ingersoll, 37 Ala. 503. The judgment at the end of the suit on the judgment is for debt and damages; on the scire facias, that the plaintiff have execution. Id. It has long been held that the writ of scire facias is not a substitute for the action of debt upon the judgment, but is an independent, concurrent remedy, and until the debt evidenced by the judgment has been satisfied the plaintiff may prosecute his action

of debt and his proceeding by scire facias at the same time, and the pendency of one is no defense against the other. Carter v. Colman, 34 N. C. 274; Lambson v. Moffett, 61 Md. 426; Lafayette County v. Wonderly, 92 Fed. 313, 34 C. C. A. 360; 1 Black, Judg. § 482a."

In Baker v. Ingersoll, 37 Ala. 503, is contained the observation by Mr. Justice Walker as follows: "A scire facias on a judgment is some times, for some purposes, regarded, not as a new action, but as a mere continuation of the original suit. Thus, it must issue out of the court in which the judgment was rendered; matter which might have been pleaded in defense of the original action, cannot be pleaded in defense of the scire facias; and no new judgment for debt or damages can be rendered on the scire facias, but the old one is simply called into action by a judgment that the plaintiff have execution.—Murray's Adm'r v. Baker, 5 B. Mon. [Ky.] 172; Norton v. Beaver, 5 Ohio, 178. In other respects, however, the proceeding by scire facias must be regarded as a new suit. Thus, the defendant may plead to it matters subsequent to the rendition of the judgment sought to be revived; and as respects the parties to the proceeding it is in the nature of an action upon the judgment, and governed by the rules applicable to ordinary suits upon judgments. Consequently, a scire facias can only be maintained in the name of him who has the legal title to the judgment; that is, in the name of the original plaintiff, or, after his death, of his personal representative."

And in Mobile Drug Co. v. McCullough, 215 Ala. 682, 112 So. 238, 239, it is said: "* * * The old judgment is simply called into action by a judgment on which the plaintiff can have execution. It is a mere continuation of the original suit. Baker, Fry & Co. v. Ingersoll, 37 Ala. 503; Marx v. Sanders, supra [98 Ala. 500, 11 So. 764]."

 It would appear from these declarations, and analogies of foregoing authorities, that the proceedings for scire facias are supplementary to or a continuation of the former proceedings and are to make effective the right of execution upon judgments theretofore rendered. In the instant case the judgment to be revived was rendered after personal service, a hearing, and adjudication according due process (section 7863, Code; Barron, Adm'r, v. Tart, 19 Ala. 78; Turner v. Dupree, 19 Ala. 198; Miller v. Shackelford, 16 Ala. 95, 99; Betancourt v. Eberlin, Adm'r, 71 Ala. 461, 466); and the revivor is had after the notice provided by the statute which offends no provision of organic law as to the rendition of personal judgments.

 The situation, as stated by Mr. Chief Justice Stone, of the Statute of 1886, § 2923, is to the effect that, if ten years have elapsed from the rendition of judgment without execution, or ten years have elapsed since the date of the last execution, the judgment is presumed satisfied, and the burden of proving it not satisfied is cast on the plaintiff; that the execution in such "case is irregular, and * * * was rightly questioned," such judgment is "only voidable." Perkins v. Brierfield Iron & Coal Co., 77 Ala. 403; Brevard v. Jones, 50 Ala. 221; Elliott v. Holbrook, 33 Ala. 659.

The provision for notice to "be revived by scire facias" provided in section 7863, Code of 1923, as against resident and nonresident defendants, comes from the Act of February 8, 1858 (Acts 1857–58, p. 47; Rev. Code of 1867, § 2830).

After all that may be said, the object of a revivor is not to obtain "a new judgment for debt, but to enable the judgment creditor to enforce by execution the judgment he has already obtained." Drennan v. Dunn, 166 Ala. 213, 52 So. 313, 139 Am. St. Rep. 28; Miller v. Shackelford, 16 Ala. 99.

 That is to say, such a proceeding to revive (1) is supplementary and a continuation of the original proceedings, and (2) is not, in the forbidden constitutional sense, a personal judgment that may not be rendered without further personal service. Sections 9430–9432, Code of 1928. It may be noted of cases cited that Parker v. Cowan, 214 Ala. 69, 106 So. 507, and McCammon v. McCammon, 206 Ala. 165, 89 So. 455, service by publication held sufficient in divorce suits; Drennan v. Dunn, 166 Ala. 213, 52 So. 313, 139 Am. St. Rep. 28, the plea was abatement and revival and scire facias and suit on judgment distinguished; and in Leonard v. Brewer, 86 Ala. 390, 5 So. 306, execution after lapse of ten years held only voidable. In Long v. Clark, 201 Ala. 454, 78 So. 832, a personal judgment on moneyed demand against nonresident on service by mail under Acts of 1915, p. 604, this court said:

"In Sweeney v. Tritsch, 151 Ala. 242, 44 South. 184, it was said:

"'It has been settled, since the leading decision of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, was pronounced, that a personal judgment or decree rendered in a cause against a nonresident, upon whom no personal service therein was had, is void, and, of course, unenforceable in any manner. That doctrine has been several times affirmed by this court. Exchange Bank v. Clement, 109 Ala. 270, 19 South. 814; L. & N. R. R. Co. v. Nash, 118 Ala. 477, 23 South. 825, 41 L. R. A. 331 [72 Am. St. Rep. 181].'

"See, also, Jos. Joseph & Bros. Co. v. Hoffman & McNeill, 173 Ala. 568, 56 South. 216, 38 L. R. A. (N. S.) 924, Ann. Cas. 1914A, 718.

"The case of Pennoyer v. Neff, supra, has not been disturbed by the subsequent decisions of that court, but, on the contrary, has been cited with approval. Roller v. Holly, 176 U. S. 398, 20 Sup. Ct. 410, 44 L. Ed. 520;

Hart v. Sansom, 110 U. S. 151, 3 Sup. Ct. 586, 28 L. Ed. 101. That case was rested upon constitutional grounds."

The new sections 9431, 9432, Code of 1923, were somewhat in the nature of a response so far as was possible, under the Constitution, to afford substituted service and not to offend the requirements of due process. Louisville & N. R. R. Co. v. Nash, 118 Ala. 477, 483, 23 So. 825, 41 L. R. A. 331, 72 Am. St. Rep. 181. See, also, section 7863, Code.

There is no attempt here to make due process of law that which is not such. It is merely sought on substituted service in proceedings for scire facias that execution issue, not to have a judgment quod recuperet, that he recover, and consequently a personal judgment that is forbidden without personal service. It merely extended the time of execution on judgment rendered after service. The action of the trial court was free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.